LEVY DAVIS & MAHER, LLP
Jonathan A. Bernstein (JB 4053)
Attorneys for Plaintiff
880 Third Avenue
New York, New York 10022
(212) 371-0033

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- x
Claudia Gayle, Individually, On Behalf  :
of All Others Similarly Situated and as Class :
Representative,                         :
                                        :  07 Civ.
                                        :
            Plaintiff,                  :
                                        :  **COMPLAINT**
    - against -                         :
                                        :
Harry's Nurses Registry, Inc., and      :
Harry Dorvilien,                        :
                                        :
            Defendants.                 :
---------------------------------------- x



CV 07  4672

CLIFTON J.
MATSUMOTO, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  NOV 07 2007  ★

BROOKLYN OFFICE

Plaintiff Claudia Gayle, individually, on behalf of all others similarly situated, and as class representative, by her attorneys, Levy Davis & Maher, LLP, complains of defendants, Harry's Nurses Registry, Inc. (hereinafter "Harry's") and Harry Dorvilien (hereinafter "Dorvilien"), as follows:

### PRELIMINARY STATEMENT

1.  Plaintiff complains on behalf of herself and other current and former employees of defendants who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216(b) ("FLSA"), that she is owed back wages from defendants for overtime work for which she did not receive any overtime premium pay pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

2. Plaintiff complains on behalf of herself and other current and former employees of defendants that she is owed wages and overtime premium pay under the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq.

3. Plaintiff also complains on behalf of herself and other current and former employees of defendants that defendants deducted Workers' Compensation insurance premiums from her paycheck in violation of N.Y. Labor Law §193.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and 28 U.S.C. § 1367(a), in that the state and federal claims arise from a common nucleus of operative fact such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. The venue of this action is proper because the decisions not to pay plaintiff overtime premium pay and to make unauthorized deductions were made at defendants' offices, which offices are located within the Eastern District of New York and because plaintiff performed labor and services at premises maintained by the defendants and/or their clients in the Eastern District of New York.

## PARTIES

6. At all relevant times, defendant Harry's Nurses Registry, Inc. was and is in the business of providing nurses, nurses aides and housekeepers to patients contracting for such services. Upon information and belief, defendant Harry's Nurses Registry, Inc. is a domestic

corporation organized under the laws of the State of New York. It has its principal place of business at 169-14 Hillside Avenue in the County of Queens, City and State of New York.

7. At all relevant times, Dorvilien was and is the principal of Harry's. At all relevant times, Dorvilien directed plaintiff's work for defendants.

8. Defendants were, at all relevant times, and are, in an industry affecting commerce within the meaning of 29 U.S.C. § 203(b).

9. Gayle is a natural person, currently residing in Baldwin, Town of Hempstead, County of Nassau, State of New York. Ms. Gayle has been employed by defendants as a nurse since February 2007.

10. Plaintiff brings this action on behalf of herself and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated are those who are and/or were employed by defendants at any time between February 23, 2003 and the present (the "Collective Action Period") within the meaning of 29 U.S.C. § 203(e)(1).

## ALLEGATIONS RELATED TO THE COLLECTIVE ACTION

11. Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 10 of this Complaint as though the same were fully set forth herein.

12. The named plaintiff brings this action on behalf of herself and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated are those who are and/or were employed by defendant at any time between November 15, 2004 and the present (the "Collective Action Period").

3

## CLASS ALLEGATIONS

13. Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 12 of this Complaint as though the same were fully set forth herein.

14. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

15. The named plaintiff brings this case on behalf of all persons employed by defendants who were not paid wages for hours worked, and/or premium pay for all hours worked in excess of forty per workweek and/or the value of wages and salaries unlawfully withheld by defendants at any time from November 15, 2001 to the present (the "Class Period").

16. The employees in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of defendant, upon information and belief, there are approximately 500 members of the Class. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The claims of the representative party are typical of the claims of the Class. The representative party will fairly and adequately protect the interests of the Class. Defendants acted and refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

17. There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including:

    a. whether the plaintiffs were misclassified as independent contractors;

    b. whether the defendants failed and/or refused to pay the plaintiffs premium pay for hours worked in excess of forty per workweek within the meaning of the FLSA, and whether that failure and/or refusal was willful;

    c. whether the defendants failed and/or refused to pay the plaintiffs premium pay for hours worked in excess of forty per workweek within the meaning of the New York Labor Law, and whether that failure and/or refusal was willful;

    d. whether the defendants deducted monies from plaintiffs' wages for Workers' Compensation insurance premiums in violation of the New York Labor Law, and whether that violation was willful;

    e. whether the members of the class are entitled to affirmative relief; and

    f. whether the members of the class are entitled to liquidated damages under the FLSA.

## FACTS COMMON TO ALL CAUSES OF ACTION

18. Plaintiff was engaged in commerce within the meaning of 29 U.S.C. § 203(b), in that plaintiff worked for defendants as a licensed practical nurse.

19. Plaintiff and her similarly situated co-workers regularly work and/or worked in excess of 40 hours in the workweek. However, plaintiff and her co-workers were and/or are not paid overtime premium pay for all work hours in excess of 40 hours in the workweek.

20. At all relevant times, defendants maintained a policy of deducting $1.00 per hour,

purportedly representing the cost of Workers' Compensation insurance, from the wages of the plaintiff and her similarly situated co-workers.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

21. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 20 of this Complaint.

22. Plaintiff and her similarly situated co-workers frequently work, and worked, over forty hours in a workweek.

23. Although plaintiff and her similarly situated co-workers work, and worked, over forty hours in a workweek, they were not paid overtime premium pay for all of the hours worked in excess of forty hours in a workweek.

24. Plaintiff and her similarly situated co-workers are entitled to one and one-half of their regular rates of pay for all hours worked in excess of forty hours in a workweek under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

25. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 24 of this Complaint.

26. The failure of defendants to properly compensate plaintiff and her similarly situated co-workers for overtime work as required by the Fair Labor Standards Act was willful.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

27. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 26 of this Complaint.

28. Plaintiff and the members of the class have not been paid overtime premium pay for all compensable work hours under the New York Minimum Wage Act, as amended, N.Y. Labor Law §§ 650 et seq. and N.Y. Labor Law §§ 190 et seq.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION

29. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 28 of this Complaint.

30. Plaintiff and the members of the class did not authorize the deduction of Workers' Compensation insurance premiums from their paychecks.

31. At all relevant times, defendants were and are required by N.Y. Workers' Comp. Law § 2 to provide workers' compensation insurance coverage, at defendants' cost, to their covered employees, including plaintiff and the class members.

32. Upon information and belief, the $1.00 per hour deducted from plaintiff's and the class members' wages, which was purported to reflect cost of the workers' compensation insurance coverage procured by defendants, in fact exceeds the cost of said coverage.

33. The deduction of the cost of workers' compensation insurance coverage and/or the deduction of the excess over such costs violates N.Y. Labor Law § 193, which prohibits deduction from wages save for certain specified reasons, no one of which is applicable to plaintiff and the members of the class.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

1. Certifying this action as a class action pursuant to Fed. R. Civ. Pro. 23 on behalf of the members of the Class, and appointing Plaintiff and her counsel to represent the Class;

2. Authorizing notice of this action pursuant to 29 U.S.C. § 216(b);

3. Directing defendants to pay overtime premium pay to plaintiff, such persons as may opt in to this action and members of the class;

4. Directing defendants to pay liquidated damages under the FLSA to plaintiff and such persons as may opt in to this action;

5. Directing defendants to reimburse plaintiff and the members of the class for amounts withheld from their pay and purported to reflect the cost of Workers' Compensation insurance premiums;

6. Directing defendants to pay pre-judgment interest, to members of the class and such persons as may opt in to this action;

7. Granting a permanent injunction enjoining defendants and their owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating the rights of the plaintiff, members of the class and such persons as may opt in to this action as secured by the New York Labor Law;

8. Awarding plaintiff the costs of this action together with reasonable attorneys' fees; and

9. Granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
      November 1, 2007

                                    LEVY DAVIS & MAHER, LLP

                                    By: _____

                                    Jonathan A. Bernstein (JB 4053)
                                    Attorneys for Plaintiff
                                    880 Third Avenue
                                    New York, New York 10022
                                    Tel: (212) 371-0033