UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CLAUDIA GAYLE, Individually, On Behalf
of All Others Similarly Situated and as a Class
Representative,

         Plaintiff,

   -against-

HARRY'S NURSES REGISTRY, INC., and
HARRY DORVILIER a/k/a HARRY
DORVILIEN,

         Defendants.
-------------------------------------------------------------x

CASE NO.
07 CV 4672 (CPS)(MDG)

AFFIRMATION OF
MARK L. HANKIN

   MARK L. HANKIN, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following to be true under penalties of perjury:

   1.  I am a member of the firm Hankin & Mazel, PLLC, attorneys for the Defendants in the above-captioned matter and am fully familiar with the facts and circumstances hereinafter set forth.

   2.  I submit this Affirmation in support of Hankin & Mazel, PLLC's motion to be relieved as counsel in this matter pursuant to Local Rule 1.4. This is the second application for such relief.

   3.  This firm was retained by Defendants on or about October 15, 2008, following the withdrawal of Dealy & Silberstein, LLP as Defendants' counsel. This firm filed its Notice of Appearance on October 23, 2008. The Complaint in this case contains causes of action arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, New

York Minimum Wage Act, N.Y. Labor Law § 650 *et seq.*, N.Y. Labor Law § 190 *et seq.*, and N.Y. Labor Law § 193.

4. On or about March 9, 2009, Hon. Senior Judge Charles P. Sifton granted Plaintiffs' motion for partial summary judgment with respect to liability. In addition, Plaintiffs' motion seeking leave to circulate a notice of pendency pursuant to 29 U.S.C. § 216(b) was granted. Defendants were directed by the Court to disclose the names, last known addresses, dates of employment, and telephone numbers for all persons employed as field or per diem nurses from November 7, 2004 to the present on or before April 9, 2009. See Minute Order of Hon. Judge Charles P. Sifton, entered March 9, 2009.

5. Since the entry of Hon. Judge Sifton's Order of March 9, 2009, it has become impossible for this firm to represent Defendants effectively in this matter, and consequently, this firm moved to withdraw as Defendants' counsel pursuant to Local Rule 1.4 on or about May 12, 2009.

6. In this firm's previous application for relief as counsel, the motion states, "On no less than seven (7) occasions, your affirmant has contacted Defendant Harry Dorvilier via email in order to arrange for compliance with the Court's Order. Defendants have not responded to any of these attempts to get in contact." Annexed hereto as Exhibit "A" is the previous motion to withdraw as counsel and accompanying exhibits.

7. As the Court is aware, Plaintiff has cross-moved to compel discovery in this action due to Defendants' noncompliance with the Order of March 9, 2009.

8. To that end, Defendant Harry Dorvilier ("Dorvilier") was deposed on June 19, 2009; however, due to lack of formal service of Plaintiffs' discovery requests

pursuant to FRCP 30(b)(6), Defendant Dorvilier had not had an opportunity to review the necessary information and records for the examination before trial. Accordingly, the deposition was rescheduled for the following week; however, Defendant Dorvilier was unable to attend due to illness.

9. The firm attempted to obtain a new date for further deposition and additional discovery and has received no response from Defendants. We cannot properly and adequately protect Defendants' interests without Defendant Dorvilier's cooperation. We have received none.

10. In addition to the foregoing, your affirmant was informed by Magistrate Go's clerk that Defendant Dorvilier attempted to make *ex parte* contact with Magistrate Go regarding the merits of this case without this firm's knowledge or consent. From this act alone, Defendants have evinced their intent to forego further counsel by this firm.

11. It is respectfully requested that the Court grant an Order relieving this firm as counsel in this matter. It is further requested that the Court stay the proceedings for a period of sixty (60) days to allow Defendants to retain new counsel.

12. The previous application for the relief sought herein was withdrawn without prejudice on June 5, 2009. See Exhibit "A" and Minute Order of Magistrate Judge Marilyn D. Go of June 5, 2009.

WHEREFORE, it is respectfully requested that this Court enter an Order relieving HANKIN & MAZEL, PLLC as counsel for Defendants Harry's Nurses Registry, Inc. and Harry Dorvilier.

Dated: New York, New York
July 13, 2009

/s/
MARK L. HANKIN, ESQ.