FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ SEP 1 8 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
   CLAUDIA GAYLE, et al.,

                    Plaintiffs,

     -against-

HARRY'S NURSES REGISTRY, INC. and
HARRY DORVILIER *a/k/a HARRY DORVILIEN*,

                    Defendants.

-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**07-CV-4672 (NGG) (MDG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court are Plaintiffs' motion for summary judgment as to damages, Defendants' motion to strike Plaintiffs' reply memorandum of law, and Plaintiffs' motion for sanctions to be imposed upon Defendants. For the reasons set forth below, Plaintiffs' motion for summary judgment on damages is GRANTED, and Plaintiffs are awarded a total of $619,071.76 in damages; Defendants' motion to strike is DENIED; Plaintiffs' motion for sanctions is DENIED.

## I. BACKGROUND

Plaintiffs, nurses who were employed by Defendant Harry's Nurses Registry, Inc. ("Harry's Nurses"), brought this action for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19. (Compl. (Docket Entry # 1).) On March 1, 2012, this court granted Plaintiffs' motion for certification of a FLSA collective action and for summary judgment as to liability, and gave Plaintiffs leave to file a motion for summary judgment as to damages that would incorporate the memoranda of law and evidence they submitted in connection with their motion for summary judgment on liability. (Liability Order (Docket Entry # 162).)

1

On April 4, 2012, Plaintiffs moved for summary judgment on damages pursuant to Federal Rule of Civil Procedure 56. (Pl. Damages. Mot. (Docket Entry # 165); Pl. Damages Aff. (Docket Entry # 166).) Defendants submitted an affidavit in opposition to Plaintiffs' motion (Def. Damages Aff. (Docket Entry # 167)) and Plaintiffs filed a reply affirmation and memorandum of law in further support of their motion (Pl. Damages Reply (Docket Entry # 169)).

On April 10, 2012, Defendants filed a motion to strike Plaintiffs' reply memorandum of law on the grounds that it raised new arguments that should have been included in Plaintiffs' original papers in support of their motion for summary judgment as to liability. (Def. Mot. to Strike (Docket Entry # 170); Def. Strike Mem. (Docket Entry # 173-2).) Plaintiffs opposed Defendants' motion to strike and cross-moved for sanctions. (Pl. Sanctions Mot. (Docket Entry # 174); Pl. Strike Opp'n (Docket Entry # 174-5).) Defendants filed a reply regarding their motion to strike and in opposition to Plaintiffs' cross-motion for sanctions. (Def. Strike Reply (Docket Entry # 175-1).)

## II. DISCUSSION

### A. Defendants' Motion to Strike

Defendants argue that the court should strike Plaintiffs' reply memorandum of law in support of their motion for summary judgment on damages because it "raises new arguments and assertions which should have been included in plaintiff[s'] original motion papers in support of their summary judgment motion." (Def. Strike Mem. at 5.) Defendants are wrong.

Although "new issues may not be raised for the first time in reply," Sabre v. First Dominion Cap., LLC, No. 01-CV-2145 (BSJ) (HP), 2002 WL 31556379, at *3 (S.D.N.Y. Nov. 15, 2002), "reply papers may properly address new material issues raised in the opposition

papers so as to avoid giving unfair advantage to the answering party," Kowalski v. YellowPages.com, LLC, No. 10-CV-7318 (PGG), 2012 WL 1097350, at *10 (S.D.N.Y. Mar. 31, 2012). Plaintiffs' reply is limited to issues newly raised in Defendants' opposition papers, including the sufficiency of the timesheet and payroll records Plaintiffs provided to the court (Def. Damages Aff. ¶¶ 14, 16, 20-21; Pl. Damages Reply at 1-2), the individual calculation discrepancies for four Plaintiffs (Def. Damages Aff. ¶¶ 22-30; Pl. Damages Reply at 4-6), and the alleged exclusion of Plaintiffs' calculation methodology (Def. Damages Aff. ¶¶ 33-34; Pl. Damages Reply at 7-8). Indeed, Defendants themselves state in their brief in support of their motion to strike "that the explanations included in Plaintiffs' reply papers are *exactly* what Defendants cited as lacking in the Plaintiffs' original motion papers in support." (Def. Strike Mem. at 6.) In other words, Defendants admit that Plaintiffs' reply responded to issues that Defendants raised for the first time in their opposition. Plaintiffs did not have an obligation to anticipate in their opening papers the specific arguments Defendants raised in their opposition; their response to those arguments was properly raised in their reply. Defendants' motion to strike is therefore denied.

### B.     Plaintiffs' Motion for Sanctions

Plaintiffs argue that Defendants should be sanctioned for bringing their motion to strike, pursuant to 28 U.S.C. § 1927, on the grounds that their motion was brought in bad faith for the sole purpose of delay. (Pl. Strike Opp'n at 8-10.) The court disagrees.

Under § 1927, "[a]ny attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Bad faith is the touchstone of an award under this statute." United States v. Int'l Bhd. of Teamsters, 948 F.2d 1338, 1345

(2d Cir. 1991). The court "must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 79 (2d Cir. 2000). Plaintiffs are required to show with a "high degree of factual specificity" that Defendants acted to "harass, delay, or for other improper purposes, and/or in bad faith." Star Mark Mgmt., Inc. v. Koon Chun Hing Soy & Sauce Factory, Ltd., No. 07-CV-3208 (KAM) (SMG), 2010 WL 3924674, at *5 (E.D.N.Y. Sept. 30, 2010), aff'd, 682 F.3d 170 (2d Cir. 2012).

Here, Plaintiffs assert that Defendants acted in bad faith because their motion to strike discussed only de minimus ambiguities and discrepancies in the documentary evidence submitted by Plaintiffs. (See Pl. Strike Opp'n at 8.) But as discussed in Part II.C.2.a, some of Defendants' assertions do indeed have merit. Nor is the court aware of any case law suggesting that a party may be sanctioned for making a *meritorious* argument on a relatively inconsequential issue—particularly one that will have an effect (even if a small one) on the total amount of damages to be awarded. Accordingly, Plaintiffs' motion for sanctions is denied.

C. **Plaintiffs' Motion for Summary Judgment**

This court has already granted summary judgment on liability and damages to Plaintiff Claudia Gayle. (Docket Entry ## 53, 127.) It has also certified a collective action and granted summary judgment on liability to the persons who opted into this action pursuant to 29 U.S.C. § 216(b). (Liability Order.) In accordance with the Liability Order, Plaintiffs have moved for summary judgment on damages, and request both unpaid overtime premiums and an equal amount in liquidated damages. (See Pl. Damages Reply at 9.) Plaintiffs' motion will be granted.

1. <u>Summary Judgment Standard</u>

Summary judgment is appropriate only when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence that would entitle it to a directed verdict if such evidence were uncontroverted at trial. See <u>id.</u> at 323. As to issues on which the nonmoving party has the burden of proof at trial, the moving party must demonstrate the absence of evidence supporting the nonmoving party's claim. See <u>id.</u> at 323-24.

If the moving party succeeds in its showing, the burden shifts to the nonmoving party to show that there is a genuine issue for trial. <u>Id.</u> at 322-23. The nonmoving party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 159 (1970).

2. <u>Application</u>

    a. *Unpaid Overtime Premiums*

The FLSA requires covered employers to compensate their employees at one and one-half times the employees' regular pay rate for any work that exceeds forty hours in a week.

5

29 U.S.C. § 207(a)(1). Plaintiffs bear the burden of proving that they performed overtime work and the amount of overtime work that they performed. See Seever v. Carrols Corp., 528 F. Supp. 2d 159, 170 (W.D.N.Y. 2007).

Pursuant to court order, Defendants produced thousands of pages of time and pay records during discovery. (Pay Records (Docket Entry # 108, Ex. 3).) Plaintiffs submitted these records by CD to the court and Defendants' counsel incident to Plaintiffs' June 25, 2010, motion for summary judgment.[1] (See Bernstein Aff. (Docket Entry # 108) ¶ 6.) Plaintiffs also submitted a Microsoft Excel spreadsheet with overtime premium calculations for each opt-in Plaintiff, which contains a detailed break-down of the number of hours each opt-in Plaintiff worked and the applicable pay rate.[2] (Pay Spreadsheet (Docket Entry # 108, Ex. 1).)

Defendants respond to Plaintiffs' evidence in two ways.

First, they argue that the time and pay records that Defendants produced during discovery—and that Plaintiffs submitted to the court in support of their motion for summary judgment on liability—are insufficient to discharge Plaintiffs' burden of proving that they performed uncompensated overtime work. (Def. Damages Aff. ¶ 14.) This argument is inconsistent with Second Circuit case law holding that, "[w]hen the employer has kept proper and accurate records, the employee may easily discharge his burden [to prove that he performed work for which he was not properly compensated] by securing the production of those records." Kuebel v. Black & Decker, Inc., 643 F.3d 352, 362 (2d Cir. 2011).

---

[1] Plaintiffs supplied the records of their overtime work by CD rather than by electronic filing because of the voluminous size of the records. (See Bernstein Aff. (Docket Entry # 108) ¶ 6.) Defendants' counsel admittedly received Plaintiffs' CD on May 31, 2011. (Alter Ltr. of June 1, 2011 (Docket Entry # 154) at 1 n.1.)

[2] Plaintiffs' spreadsheet contains tabs for each opt-in Plaintiff along with a tab that summarizes all of the opt-in Plaintiffs' overtime premium calculations.

6

Second, Defendants assert that Plaintiffs committed errors in calculating overtime premium pay for four Plaintiffs. (See Def. Damages Aff. ¶¶ 22-27.) The court responds to Defendants' arguments as follows.

Defendants assert that the number of hours worked and the applicable pay rate are inaccurate for Lindon Morrison's February 20, 2009 time sheet. (Def. Damages Aff. ¶ 22.) The parties dispute whether Morrison worked on the Saturday of that week. (Id.) The court concludes that Morrison did not work that Saturday because the time sheet has a line through the Saturday time box (see Pay Records at 45); thus, she will not be compensated for overtime that day. There is also no documentation to show the applicable hourly wage for the weeks of February 20 to April 10, 2009. The records show that Harry's Nurses routinely paid Morrison $19 or $20 per hour depending on the client. As the court must draw all reasonable inferences in favor of the Defendants, the court will award Morrison damages for the hours she worked from February 20 to April 10, 2009, at a rate of $19 per hour.[3]

Defendants next assert that Souciane Querette's April 18 and April 25, 2008, time sheets fail to identify the applicable pay rate because a handwritten mark over the pay rate is inexplicable. (Def. Damages Aff. ¶¶ 23-24.) Although Plaintiffs correctly assert that Querette was paid $19.50 per hour in May 2008 (Pay Records at 10), she was paid at a rate of $19 per hour earlier in April 2008 for the same client for whom she worked on April 18 and 25, 2008 (id. at 12). Therefore, the court awards Querette damages in accordance with an hourly rate of $19.00.

Both parties now agree that Willie Evans' applicable pay rate was $19.50 rather than $21.00, although Plaintiffs had originally used the latter amount to calculate Evans' damages.

---

[3] An approximation of damages is permissible. See Kuebel, 643 F.3d at 362.

(See Def. Damages Aff. ¶ 26; Pl. Damages Reply at 5.) The Court will award Evans at the $19.50 pay rate.

Defendants assert that Henrick Ledain's applicable pay rate is unclear for May 18 and May 25, 2007, and for January 16, January 23, January 30, March 23, March 30, April 3, July 11, and July 18, 2009. (Def. Damages Aff. ¶ 27.) For May 18 and May 25, 2007, the record is clear that the applicable pay rate was $20 per hour. For January 16, January 23, and January 30, 2009, Ledain's hourly rate is omitted from his pay records. During those weeks, Ledain worked for a patient named Ameer Atkinson whom he had previously charged $20 per hour. As such, the applicable pay rate is $20 per hour for January 2009. Plaintiffs do not seek damages for the weeks of March 23, March 30, April 3, July 11, and July 18, 2009, so any ambiguity with respect to those weeks is irrelevant. The court will award Ledain accordingly.

After its own review of the evidence, the court finds that the evidence generally supports Plaintiffs' request for damages as they set forth in the Pay Spreadsheet, but with a few exceptions. Plaintiff Getty Rocourt claims that he was due overtime pay for work conducted in 2006 but he produced no pay or time records from 2006. Plaintiff Yolanda Robinson claims that she was due overtime pay from 2006-2010 but produced records only from 2008-2010. Plaintiff Jane Hylton Burke claims that she was due overtime pay for work in January and March 2010 but did not produce records to support that claim. Plaintiff Samedi Maud claims that he was due overtime pay for the week of October 17, 2008, but did not work any overtime that week. The court will award only damages established by pay or time records. Plaintiff Anthony Headlam's August 21 and November 6, 2009, pay calculations used an incorrect pay rate. The court will recalculate his damages using the appropriate pay rate of $19.00. Plaintiff Lena Thompson's pay calculations omitted hours from her April 20 and April 27, 2007, pay records, amounting to a

8

deficiency of $40.00. Finally, Plaintiffs' overall calculations omitted Plaintiffs Sussan Ajiboye's and Catharine Modeste's damages from the total damages sum. Because Plaintiffs included these two individuals' damages calculations in the Pay Spreadsheet under each individual's personal tab sheet, Plaintiffs' failure to include these individuals' damages in the total calculation appears to have been inadvertent, and the court will therefore include them in its total damages sum.

Based on the evidence in the record, opt-in Plaintiffs are entitled to a total of $309,535.88 in unpaid overtime premiums. The Appendix to this Memorandum and Order contains a table listing individual awards for each Plaintiff.

b. *Liquidated Damages*

An employer who violates the compensation provisions of the FLSA is liable for unpaid wages "and an additional equal amount as liquidated damages." 29 U.S.C. § 216(c). Liquidated damages under the FLSA are presumed in every case where violation of the statute is found. Id. § 260. The presumption may be overcome if an employer proves, as an affirmative defense, both that it acted in good faith and that it had objectively reasonable grounds for believing that its conduct did not violate the FLSA. Brock v. Wilamowsky, 833 F.2d 11, 19 (2d Cir. 1987). To establish good faith, a defendant must produce "plain and substantial evidence of at least an honest intention to ascertain what the [FLSA] requires and to comply with it." Id. "Good faith requires more than ignorance of the prevailing law or uncertainty about its developments." Reich v. So. New. Eng. Telcoms. Corp., 121 F.3d 58, 71 (2d Cir. 1997). An employer must "first take active steps to ascertain the dictates of the FLSA and then act[] to comply with them." Id. The burden "is a difficult one to meet"; "double damages are the norm, single damages the exception." Brock, 833 F.2d at 19.

9

The court has previously found that Defendants had not demonstrated good faith with respect to Plaintiff Gayle sufficient to overcome the presumption in favor of liquidated damages; indeed, Defendants essentially ignored the issue of good faith altogether. (See First Damages Decision (Docket Entry #127) at 11 ("[T]here is no evidence in the record that would have supported a reasonable belief on defendants' part that Gayle was not covered by the FLSA.").) That is equally true of the opt-in Plaintiffs. Defendants have not submitted any new evidence to show that there is a genuine issue of material fact with respect to Defendants' good faith. As such, the opt-in Plaintiffs are entitled to liquidated damages pursuant to 29 U.S.C. § 216(c) in a sum equal to the amount of their unpaid overtime premiums.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary judgment on damages is GRANTED. Plaintiffs shall be awarded $309,535.88 in unpaid overtime wages and the same amount in liquidated damages, for a total of $619,071.76; Defendants shall be jointly and severally liable for these damages. Defendants' motion to strike Plaintiffs' reply memorandum of law is DENIED. Plaintiffs' motion for sanctions is DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
September 14, 2012

NICHOLAS G. GARAUFIS
United States District Judge

# APPENDIX

| Plaintiff Name | Award |
|---|---:|
| Ajiboye, Sussan | $690.00 |
| Ali-El, Sulaiman | $7,105.95 |
| Barbot Geneviene | $320.00 |
| Bernice, Sankar | $8,744.00 |
| Brenda, Lewis | $60.00 |
| Bhola, Margarite | $292.50 |
| Burke Hylton Jane | $68,660.00 |
| Clunie, Carol | $1,640.00 |
| Depasquale, Anne | $6,473.25 |
| Davis, A. Mary | $3,838.61 |
| Evans, Willie | $16,560.00 |
| Evans, Niseekah | $61.25 |
| Francois, Nathalie | $574.38 |
| Gervil, Michelle | $960.00 |
| Gumbs, Alexander | $245.00 |
| Hamilton, Lucille | $490.00 |
| Headlam, Anthony | $6,834.14 |
| Hyman, Marlene | $2,646.00 |
| Ledain, Hendrick | $16,634.00 |
| Llewellyn, Annabel | $210.00 |
| Miller, Paulette | $1,190.00 |
| Modeste, Catharine | $40.00 |
| Morrison, Lindon | $22,960.50 |
| Mukandi, Edith | $2,031.33 |
| Ogunjana, Martha | $326.50 |
| Paris, Merika | $27,021.00 |
| Pierre-Joseph, B. | $5,725.02 |
| Pierre, Christa | $195.00 |
| Patterson, Merlyn | $49.00 |
| Querette, Soucianne | $18,724.93 |
| Recourt, Getty | $0.00 |
| Robinson, Yolanda | $46,176.00 |
| Robinson, Patricia | $8,040.00 |
| Samedi, Maud | $18,541.02 |
| Thompson, Lena | $14,382.75 |
| Ward, Jacqueline | $1,093.75 |
| **GRAND TOTAL** | **$ 309,535.88** |