UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GLAUDIA GAYLE, Individually, On Behalf of All
Others Similarly Situated as Class Representatives,

                        Plaintiffs,                      **MEMORANDUM & ORDER**

                 -against-                               07-CV-4672 (NGG) (MDG)

HARRY'S NURSES REGISTRY, INC., and HARRY
DORVILIER a/k/a HARRY DORVILIEN,

                        Defendants.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Before the court are Defendants' objections to Magistrate Judge Marilyn D. Go's Supplemental Report and Recommendation that advised granting Plaintiffs' motion to reconsider and amend the court's order on summary judgment, denying Defendants' motion to reconsider and amend the court's order on summary judgment, and granting Plaintiffs' motion for attorneys' fees and costs. For the reasons set forth below, the R&R is ADOPTED in full.

I.    **BACKGROUND**

      Plaintiffs brought this action against Defendants for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. On March 2, 2012, the court granted Plaintiffs' motion for class certification and for summary judgment as to liability. (Mar. 2, 2012, Mem. & Order (Dkt. 162).) Plaintiffs' subsequent motion for summary judgment on damages was granted, and Defendants were found liable to Plaintiffs jointly and severally in the amount of $619,071.76. (Sept. 18, 2012, Mem. & Order (Dkt. 179).) Plaintiffs and Defendants then each moved to correct the judgment and in opposition to the other's motions; additionally, Plaintiffs moved for an award of attorneys' fees and costs, which Defendants

1

opposed. (Dkts. 184, 185, 186, 188, 198, 199, 200.) On January 10, 2013, all pending motions in the case were referred to Magistrate Judge Marilyn D. Go for a Report and Recommendation. (Jan. 10, 2013, Order Referring Motions.)

On August 27, 2013, Judge Go issued a Supplemental Report and Recommendation (the "R&R") (Dkt. 208), following the issuance of an initial R&R (Dkt. 206) and Plaintiffs' letter motion to correct it (Dkt. 207), recommending that the court grant Plaintiffs' motion to amend the court's order on summary judgment, deny Defendants' motion to amend the court's order on summary judgment, and grant Plaintiffs' motion for attorneys' fees and costs. On September 10, 2013, Defendants filed written objections to the R&R (Def. Obj. (Dkt. 209)), to which Plaintiffs filed an opposition, requesting adoption of the R&R, on September 12, 2013 (Dkt. 210). The full procedural history of the case is discussed in detail in the R&R. (R&R at 2-3.)

## II. STANDARD OF REVIEW

When a magistrate judge issues an R&R and that R&R has been served on the parties, a party has fourteen days to object to the R&R. Fed. R. Civ. P. 72(b)(2). If the district court receives timely objections to the R&R, the court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, to obtain this de novo review of a magistrate judge's R&R, an objecting party "must point out the specific portions of the report and recommendation to which [he] object[s]." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-cv-2522 (JS), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R].").

If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entergris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under [ ] Fed. R. Civ. P. 72(b)"). Portions of the R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour, 2012 WL 728227, at *2.

## III. DISCUSSION

Defendants purport to object to:

> those parts of the [R&R] that: (1) allowed consideration of additional records originally not submitted by plaintiffs' counsel which resulted in an additional award of $164,688 to plaintiff Yolanda Robinson, for a total award of $210,864; and (2) imposes personal liability on the individual defendant Dorvilier; (3) that double damages should not have been awarded; (4) that legal fees are excessive to the extent over what my initially stated in my motion [sic] . . . .

(Def. Obj. at 5.) Of the 17 paragraphs in Defendants' submission, objections are actually conveyed in just nine paragraphs, all of which raise no new issues, are highly generalized, and cite a total of two cases—both of which protest consideration of additional information by asserting a purported need for finality in judgments. (Id. ¶ 8-17.) To the extent Defendants' objections can charitably be construed as specific, they will be analyzed de novo; those objections that are wholly conclusory and general require clear error review.

### A. Consideration of Additional Records

Defendants "formally object to those parts of the [R&R] that allowed consideration of those additional records originally not submitted by plaintiffs' counsel" resulting in an additional award to Plaintiff Yolanda Robinson. (Id. ¶ 8.) Defendants note that Plaintiffs moved multiple

3

times for summary judgment on liability and damages and "had ample opportunity on multiple occasions to include the records . . . and failed to do so," and cite two cases in support of the proposition that Plaintiffs' records should not have been considered due to the need for finality in judgments and that judicial economy encourages an end to litigation. (Id. ¶ 9-11.)

However, both cases cited by Defendants are utterly inapposite. In Crist v. Bretz, 437 U.S. 28 (1978), the Supreme Court addressed the importance of finality of judgments in the context of the Fifth Amendment guarantee against double jeopardy. Indeed, the court in Crist was concerned with preventing injustice, a goal that is served here by including the relevant evidence, not preventing its consideration. Defendants' lone other authority is Reilly v. Reid, 45 N.Y.2d 24, 28 (1978), a 35-year-old New York State case that addresses res judicata, which prevents re-litigation of adjudicated disputes. Here, there is no such final judgment and no conceivable need for preclusion as a matter of procedural or substantive fairness.

As noted by Judge Go in the R&R, "district courts may alter or amend judgment to . . . prevent manifest injustice." (R&R at 6 (citing Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004).) In the court's prior decision awarding damages, it awarded Ms. Robinson overtime wages and liquidated damages for the hours supported by time records submitted, and certainly would have awarded her damages for the overtime hours reflected in the omitted records as well. This kind of issue is wholly appropriate for a motion for reconsideration, which is what Plaintiffs filed just two days after the judgment was entered. Because Defendants were in possession of the records and make no argument against their accuracy, Defendants are not prejudiced by the court's consideration of the records. It would be unfair for Ms. Robinson to be punished for the carelessness of her attorneys, and so the records should be considered. See Rollins v. N.Y. State Div. of Parole, No. 03-CV-5952 (NGG), 2007 WL 539158, at *1 (E.D.N.Y.

4

Feb. 16, 2007) (granting motion for reconsideration of summary judgment to consider a 56.1 statement that counsel negligently failed to serve and file); Crews Trading Co., Inc. v. Terral Farm Serv., Inc., No. 05-CV-0040, 2005 WL 3555918, at *2-3 (W.D. La. Dec. 28, 2005) (granting motion for reconsideration of summary judgment in the interest of justice to consider affidavits not previously submitted). Accordingly, it is appropriate to consider Plaintiffs' additional records, and Defendants' objection is overruled.

### B. Personal Liability of Dorvilier

Defendants object "to the finding of personal liability of the individual defendant Dorvilier," claiming "[t]here has been no showing . . . that any of the alleged violations of the [FLSA] were due to actions taken individually by [Dorvilier]." (Def. Obj. ¶ 13-14.) Defendants cite no cases or new information or arguments to support this position, which has been thoroughly litigated and previously ruled upon by the court. Moreover, as Judge Go noted in the R&R, in Defendants' motion for reconsideration of the court's ruling on this issue in its decision on summary judgment, "Defendants have not identified any matters or controlling decisions that the court overlooked. Indeed, defendants did not cite a single case in support" of this argument. (R&R at 16.)

As the R&R explains, and as Judge Sifton noted in granting partial summary judgment for Plaintiff Gayle on the issue of joint and several liability, the FLSA's definition of "employer" includes individual principals of corporate employers. (See Mar. 9, 2009, Mem. & Opinion (Dkt. 53) at 23 (collecting cases).) Judge Sifton's thorough and cogent analysis further found that "because Harry's Nurses is liable for violations of the FLSA, and defendant Dorvilier was a corporate officer with operational control of the corporation, Dorvilier is jointly and severally liable to plaintiffs." (Id. at 24.) Quite simply, Defendants have offered no authority or evidence

5

to support their claim at any stage of this case. Dorvilier's liability has been thoroughly established, and Defendants' objection is overruled.

### C. Good Faith and Damages

A single paragraph in Defendants' objection states: "In addition, my client's Rule 60 motion on the issue of good faith should have been granted based upon the record and an award of double damages should not have been awarded." (Def. Obj. ¶ 16.) This assertion does not point to any specific portion of the R&R to which Defendants object, except simply to object that Defendants should have prevailed generally on their motion for reconsideration on the issue of good faith.

As explained by this court in its prior ruling on summary judgment, an "employer who violates the compensation provisions of the FLSA is liable for unpaid wages 'and an additional equal amount as liquidated damages'" that are "presumed in every case where violation of the statute is found." (Sept. 18, 2012, Mem. & Order at 9 (citing 29 U.S.C. §§ 216(c), 260).) This presumption may be overcome if an employer proves *as an affirmative defense* that it acted in good faith and that it had objectively reasonable grounds for believing that its conduct did not violate the FLSA. (Id. (citation omitted).) As Judge Go noted in the R&R, "Defendants have not identified any evidence" to contest the presumptive finding of a lack of good faith. (R&R at 17.) The court finds no clear error in Judge Go's analysis of this issue, nor any new authority or evidence to disturb the court's original ruling on this issue; accordingly, Defendants' objection regarding "good faith" is overruled.

### D. Attorneys' Fees

Also in a single paragraph, Defendants object: "Finally, given the multiple and unnecessary motions, the defendants object to the legal fees awarded as excessive. In in [sic] the

6

defendants' motion to correct, I set out the legal fees at a proper standard and asserted that there were too many correction motions by plaintiffs which resulted in excessive and unnecessary fees." (Def. Obj. ¶ 17.) Here too, Defendants' objection simply restates in general and conclusory fashion the arguments made in their original motion. Defendants cite no additional case law or evidence, and, moreover, their arguments are utterly without merit.

Indeed, Judge Go's R&R addressed this very point at great length and with great care. Among other things, Judge Go recommended reducing counsel's requested fee by more than $31,000 due to inefficiency and redundancy, including reductions in counsel's hourly fees and denial of any compensation for certain additional hours. (R&R at 22-27.) To the extent Defendants object to Plaintiffs' proposed fees because of duplicative briefings and inefficiencies, Judge Go has already addressed that issue and made the appropriate reductions and adjustments. (Id.) To the extent Defendants object to the award of attorneys' fees in their entirety, those objections are conclusory and generalized, and the court finds no clear error in Judge Go's analysis of attorneys' fees. Accordingly, Defendants' objection regarding attorneys' fees is overruled.

### E. Remainder of Recommendations

Portions of the R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012). The court therefore reviews for clear error the portions of Judge Go's R&R that were not objected to, including the calculations of hours worked by Ms. Robinson and of attorneys' billings and hourly rates. The court has reviewed Judge Go's well-reasoned R&R for clear error and finds none. Accordingly, the court also adopts those portions of the R&R.

## IV. CONCLUSION

For the reasons set forth above, Judge Go's R&R is ADOPTED in full. Defendants' motion to amend the court's order on summary judgment is DENIED; Plaintiffs' motion to amend the court's order on summary judgment is GRANTED as follows: (a) an award of damages of $300 to Ramdeo Chankar Singh for overtime wages of $150 and liquidated damages of $150 is added; (b) an award of damages of $1,140 to Getty Rocourt for overtime wages of $570 and liquidated damages of $570 is added; (c) an additional award for overtime wages for Jane Burke Hylton of $3,256 and liquidated damages of $3,256 for a total amended award of damages of $143,712 is added; (d) the award for overtime wages and liquidated damages owed to Yolanda Robinson is recalculated, awarding overtime wages of $105,432 and liquidated damages of $105,432, for an amended award of damages of $210,864; and Plaintiffs' motion for attorneys' fees and costs is GRANTED as calculated by Judge Go's R&R, totaling fees of $127,754.17 and costs of $2,460.29. The court's memorandum and opinion entered on September 19, 2012, is thereby amended to reflect these judgments and the R&R as adopted in full.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
September 27, 2012

NICHOLAS G. GARAUFIS
United States District Judge