D /F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
    CLAUDIA GAYLE, individually and on behalf of
    all others similarly situated,

                Plaintiffs,               **MEMORANDUM & ORDER**

          -against-                **07-CV-4672 (NGG) (MDG)**

    HARRY'S NURSES REGISTRY, INC. and
    HARRY DORVILIER a/k/a HARRY
    DORVILIEN,

                Defendants.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

       This Order is yet another chapter in a long-running litigation brought by Plaintiffs under

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. The court assumes familiarity

with the underlying facts, but provides a brief summary of the litigation's lengthy procedural

history. For the reasons discussed below, the court GRANTS IN PART Plaintiffs' motion for

attorneys' fees and AWARDS to Plaintiffs $41,429.17 in post-judgment attorneys' fees and

costs.

## I.    BACKGROUND

       Plaintiff Claudia Gayle filed the original Complaint in this action on November 7, 2007.

(Compl. (Dkt. 1).) Additional Plaintiffs subsequently filed consents to become part of the action.

On March 1, 2012, the court granted summary judgment to Plaintiffs as to liability (see

Mar. 1, 2012, Mem. & Order (Dkt. 162)), and on September 18, 2012, the court granted

summary judgment to Plaintiffs as to damages (see Sept. 18, 2012, Mem. & Order (Dkt. 179)).

On September 30, 2013, the court amended its summary judgment decision to provide additional

damages to certain Plaintiff class members, and also granted Plaintiffs' motion for attorneys'

fees and costs. (See Sept. 30, 2013, Mem. & Order (Dkt. 211).) The court subsequently entered

1

an amended judgment reflecting the revised damages awards, as well as a total of $127,754.17 in attorneys' fees and $2,460.29 in costs. (Am. J. (Dkt. 214).)

Defendants appealed to the U.S. Court of Appeals for the Second Circuit. (See Am. Not. of Appeal (Dkt. 213); First Am. Not. of Appeal of Supplementary J. (Dkt. 215).) In a summary order dated December 8, 2014, the Court of Appeals affirmed the courts' various decisions, and a mandate issued on January 5, 2015. (Mandate (Dkt. 217).) Following the issuance of the mandate, counsel informed the court that the parties have been unable to resolve Plaintiffs' demand for post-judgment attorneys' fees under the FLSA. (Joint Ltr. Mot. for Leave to File Mot. for Attys.' Fees (Dkt. 218).) During a pre-motion conference, the court entered a briefing schedule for Plaintiffs' motion for attorneys' fees. (See Feb. 23, 2015, Min. Entry.) On March 20, 2015, Plaintiffs filed the fully-briefed motion, consisting of a Notice of Motion (Dkt. 221); a Declaration in Support of Plaintiffs' Motion for Post-Judgment Attorney's Fees and Costs ("Bernstein Decl.") (Dkt. 222); an Affirmation in Opposition to the Motion ("Irizarry Aff.") (Dkt. 223); and a Reply Declaration in Further Support of Plaintiffs' Motion for Post-Judgment Attorney's Fees and Costs ("Bernstein Reply Decl.") (Dkt. 224).

## II.    DISCUSSION

The parties appear to agree that Plaintiffs are entitled to reasonable post-judgment attorneys' fees under the FLSA, and that the district court has the authority to award post-judgment attorneys' fees. See 29 U.S.C. § 216(b) (authorizing attorneys' fees and costs to prevailing plaintiff in FLSA action); Young v. Cooper Cameron Corp., 586 F.3d 201, 208 (2d Cir. 2009) (holding that an FLSA plaintiff's "entitlement to fees and costs extends to [an] appeal"). In an FLSA case, an application for attorneys' fees following affirmance of a district court judgment should be made to the district court in the first instance. See Young, 586 F.3d

at 208 ("We therefore remand this [FLSA] matter to the district court for the proper determination of appellate fees and costs owed to [plaintiff]."); cf. Cush-Crawford v. Adchem Corp., 234 F. Supp. 2d 207, 209-10 (E.D.N.Y. 2002) ("Because the award of attorneys' fees may involve extensive factfinding and a large degree of discretion, a district court generally decides this issue in the first instance.").

Accordingly, the court now turns to the proper supplemental award in this case, on which the parties disagree. Plaintiffs bear the burden of proving the reasonableness of the fees sought. See Savoie v. Merchs. Bank, 166 F.3d 456, 463 (2d Cir. 1999). The standard method for determining the amount of reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," or a "presumptively reasonable fee." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 188-90 (2d Cir. 2008) (amended op.); see also Perdue v. Kenny A. ex. rel. Winn, 559 U.S. 542 (2010) (discussing lodestar methodology). In reviewing a fee application, the district court must examine the particular hours expended by counsel with a view to the value of the work product to the client's case. See Lunday v. City of Albany, 42 F.3d 131, 133 (2d Cir. 1994) (per curiam). If any expenditure of time was unreasonable, the court should exclude these hours from the calculation. See Hensley, 461 U.S. at 434; Lunday, 42 F.3d at 133. The court should thus exclude "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999) (amended op.). A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed, and contemporaneous time records. N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983).

Including fees and costs incurred in connection with Plaintiffs' application, Plaintiffs claim that a total of $42,363.34 in attorneys' fees and costs are due. (See Bernstein Reply Decl. ¶ 18.) Defendants, on the other hand, claim that any amount over $24,962.00 in attorneys' fees and $3,260.83 in costs and attorney travel time (a total of $28,222.83) is unreasonable (see Irizarry Aff. ¶ 10), and that any award of attorneys' fees should be deferred until after the Supreme Court has resolved Defendants' pending petition for a writ of certiorari (id. ¶ 11; see also Harry's Nurses Registry, Inc. v. Gayle, No. 14-1094 (U.S.) (pet. filed Mar. 9, 2015).) The court finds that with a limited exception (discussed below), Plaintiffs have made an adequate factual showing that the post-judgment attorneys' fees and costs that they seek are reasonable, and that there is no basis to delay the award of the fees until after the Supreme Court resolves Defendants' petition for a writ of certiorari.

As an initial matter, Plaintiffs have utilized the billing framework and hourly rates approved by this court's original Memorandum and Order awarding attorneys' fees. (See Bernstein Decl. ¶ 10; Aug. 26, 2013, Report and Recommendation (Dkt. 206) at 21-22, adopted, Sept. 30, 2013, Mem. & Order (Dkt. 211).) Thus, the hourly rates underlying the attorneys' fee application are presumptively reasonable. Indeed, Defendants have not objected to them.

The key issue is whether the post-judgment legal work performed by Plaintiffs' counsel was unreasonable, excessive, and/or redundant. Upon a review of itemized billing records submitted by Plaintiffs (see "Itemized Billing Records" (Bernstein Decl., Exs. 2 (Dkt. 222-3), 3 (Dkt. 222-4); Bernstein Reply Decl., Ex. 4 (Dkt. 224-1))), the court finds that subject to the limited exception discussed below, the work performed and the amount of time billed by Plaintiffs' counsel was fair and reasonable, and finds Defendants' arguments—consisting

primarily of hand-marked line-edits to the Itemized Billing Records (see "Proposed Revised Itemized Billing Records" (Irizarry Aff., Ex A (Dkt. 223-1)))—unavailing.

Plaintiffs' counsel billed approximately 125 hours in connection with the Second Circuit appeal, enforcing the district court judgment, post-judgment briefing in the district court not covered by the court's previous award of attorneys' fees, communicating various matters to the approximately 50 individual Plaintiff opt-ins, making the instant fee application, and preparing Plaintiffs' response to Defendants' petition for a writ of certiorari.[1] (See generally Itemized Billing Records.) The amounts of time Plaintiffs' counsel dedicated to these various matters generally appear reasonable; for example, Plaintiffs' counsel spent nine hours preparing for oral argument before the Second Circuit (see Bernstein Reply Decl. ¶ 8(c); Itemized Billing Records (Dkt. 222-2) at 17), and approximately nineteen hours on judgment enforcement (Bernstein Decl. ¶ 15; see generally Itemized Billing Records). These amounts of time are particularly reasonable considering that (a) Defendants appealed every ruling made by the district court (see Bernstein Reply Decl. ¶ 8), and (b) Defendants failed to post bond pending the appeal, complicating Plaintiffs' counsel's efforts to enforce the judgment and to communicate with Plaintiffs (see id. ¶¶ 6, 17).

Defendants claim that "many of the time units billed by Plaintiff[s'] counsel are excessive" (Irizarry Aff. ¶ 6), and that "Plaintiffs[] repeatedly billed multiple items . . . which, added together, resulted in an unreasonable amount of time spent making revisions" (id. ¶ 8). These arguments are unpersuasive. For example, Defendants apparently criticize that Plaintiffs' counsel spent 31 hours drafting, revising, editing, and proofreading the merits brief before the

---

[1] The instant fee application includes 4.5 hours billed as legal fees related to Defendants' petition for a writ of certiorari. (See Bernstein Reply Decl. ¶ 16.) Should Plaintiffs later seek additional attorneys' fees in connection with litigation before the Supreme Court, Plaintiffs must exclude these 4.5 hours so as not to seek fees twice for the same legal work.

Second Circuit, and cut these time entries in half. (See id. & Proposed Revised Itemized Billing Records at 16). Defendants provide little support for this contention (nor do they disclose the amount of time their attorneys spent on their own Second Circuit merits brief), and the court agrees with Plaintiffs that the time billed to the Second Circuit appeal was reasonable.[2] Defendants also make illogical changes to the billing entries of Plaintiffs' counsel. For example, Defendants halved a twelve-minute entry corresponding to Plaintiffs' counsel's review of the Second Circuit's decision in the case and research regarding deadlines for seeking review by the Supreme Court (see Proposed Revised Itemized Billing Records at 18); but, as Plaintiffs' counsel suggests, "no responsible lawyer would try to accomplish these tasks in six minutes" (Bernstein Reply Decl. ¶ 4).

Defendants' remaining objections are also unpersuasive. Noting that Defendants object to the number of telephone calls between Plaintiffs' counsel and Plaintiffs, Plaintiffs respond that the high volume of calls was due in large part to Defendants' failure to post a bond pending appeal.[3] (See id. ¶ 7; Bernstein Decl. ¶ 17.) Second, Plaintiffs clarify that certain entries to which Defendants object, including time dedicated to a joint motion with Defendants before this court, are marked as "unbilled time"; in other words, they are not included in the calculation of the total attorneys' fees owed. (Bernstein Reply Decl. ¶¶ 10, 11; see also, e.g., Itemized Billing Records (Dkt. 222-2) at 4 (indicating "No Charge" for entry number 41357); id. at 19 (totaling all unbilled time).) Third, Plaintiffs correctly observe that Defendants' objections based on the

---

[2] As a further example, without explanation, Defendants strike as "repetitive" five hours billed by Mr. Bernstein on November 24, 2014, with the accompanying description "Prepare for oral argument," because Mr. Bernstein billed four hours under the same description the prior day. (See Proposed Revised Itemized Billing Records at 18.) Considering that Mr. Bernstein appeared at oral argument before the Second Circuit on November 25, 2014, these two entries (the two days before the oral argument) are hardly duplicative or unreasonable.

[3] To the extent Defendants object to the single, de minimis redaction of a client confidence in the Itemized Billing Records, Defendants' argument is unavailing. Plaintiffs' counsel need not provide a copy of the unredacted records for the court's review. (See Bernstein Reply Decl. ¶ 7 n.3 (offering to provide unredacted version for in camera review).)

6

purported "superfluous" motion practice of Plaintiffs prior to judgment is improper; the court has already awarded reasonable attorneys' fees related to pre-judgment litigation, and, in fact, reduced those hours and fees as appropriate. (See Bernstein Reply Decl. ¶ 13.) Finally, Plaintiffs concede that Defendants identified two errors in Plaintiffs' calculations, each related to billing attorney travel time at the full hourly rate instead of half of the hourly rate. (Id. ¶ 15.) Plaintiffs account for this error in their final calculation of the attorneys' fees owed. (See id. ¶ 18 (claiming a grand total of $42,363.34 in attorneys' fees and costs).)

Based upon its review of the Itemized Billing Records, however, the court excludes from the award of attorneys' fees a minimal number of entries related to an apparent search for certain Plaintiffs' contact information. (See Bernstein Decl. ¶ 7 ("We have lost contact with nine persons who have opted into the action. We continue to search for those persons and will hold their awards in our trust account until we are able to locate them.").) These entries total 2.58 in attorney hours billed by Damon Maher at a rate of $350 per hour, amounting to $904.17 when accounting for rounding (see id. ¶ 15; Itemized Billing Records (Dkt. 222-2) at 4-5 (entry numbers 41696, 41698, 41700, and 41702)), and $30 in costs associated with Mr. Maher's searches for the missing Plaintiffs (see Itemized Billing Records (Dkt. 222-3) at 2 (entry numbers 41697, 41699, 41701, and 41703)). Thus, in addition to the errors related to travel time identified in Plaintiffs' reply, the court deducts $934.17, and AWARDS $41,429.17 in post-judgment attorneys' fees and costs to Plaintiffs.

Finally, Defendants fail to cite any authority requiring or cautioning the court to delay awarding post-judgment attorneys' fees in an FLSA case until after the Supreme Court's disposition of the petition for writ of certiorari. Indeed, considering that a district court need not delay the award of attorneys' fees during the pendency of a mandatory appeal to the Court of

Appeals, absent a stay, there is no basis for withholding attorneys' fees during the pendency of a discretionary petition for a writ of certiorari. Similarly, Defendants' contentions that the award should be reduced because they are "struggling to get back on [their] feet and assist [their] community," and the award as requested by Plaintiff "would be overly burdensome and negatively affect the business's ability to service the community," are unconvincing. (Irizarry Aff. ¶¶ 2, 4.)

## III.   CONCLUSION

Accordingly, for the reasons discussed above, Plaintiffs' motion for additional attorneys' fees and costs related to post-judgment proceedings and the appeal to the U.S. Court of Appeals for the Second Circuit is GRANTED IN PART. Pursuant to 29 U.S.C. § 216(b), the court AWARDS to Plaintiffs $41,429.17 in post-judgment attorneys' fees and costs.

SO ORDERED

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
April 6, 2015

NICHOLAS G. GARAUFIS
United States District Judge