UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CLAUDIA GAYLE et al.,

                    Plaintiffs,

         -against-

HARRY'S NURSES REGISTRY, INC., and
HARRY DORVILIER a/k/a HARRY DORVILIEN,

                    Defendants.
------------------------------------------------------------------X

**ORDER**

07-CV-4672 (NGG) (MDG)

NICHOLAS G. GARAUFIS, United States District Judge.

On September 22, 2017, Defendant Harry Dorvilier, then proceeding pro se,[1] moved the court to order sanctions against counsel for Plaintiffs (the "Motion"). (See Sept. 22, 2017, Letter (Dkt. 233).) The undersigned referred the Motion to Magistrate Judge Marilyn D. Go for a report and recommendation ("R&R"). (Sept. 28, 2017, Order Referring Mot. (Dkt. 235).)

On September 11, 2018, Judge Go issued an R&R recommending that the court deny the Motion. (R&R (Dkt. 261).)[2] The R&R makes three legal recommendations. First, recognizing that federal courts are courts of limited jurisdiction, the R&R recommends that the court exercise ancillary jurisdiction over the Motion. (R&R at 19-21.) Second, the R&R recommends that the court deny as moot the portion of the Motion that rests on the claim that "[P]laintiffs' counsel failed to provide satisfactions for the judgments filed in Queens County." (Id. at 21-23.) Finally, the R&R recommends denial of the Motion because "[D]efendants have not presented sufficient evidence to support . . . their [contention] that [Plaintiffs' counsel] pocketed monies that should

---

[1] On July 9, 2018, Thomas F. Liotti entered an appearance on behalf of Defendants Dorvilier and Harry's Nurses Registry, Inc. (Notice of Appearance (Dkt. 244); see July 9, 2018, Defs. Letter (Dkt. 245) (adopting all "pro se submissions heretofore submitted to the [c]ourt" by Dorvilier).

[2] A full procedural history of this long-running action is set forth in Judge Go's R&R. (See R&R at 2-18.)

1

have been distributed to the Plaintiff-Affiants and the other plaintiffs." (Id. at 23-25.) Defendants—represented by counsel—objected to the R&R (see Defs. Objs. (Dkt. 262)), and Plaintiffs replied to Defendants' objections (see Pls. Resp. to Defs. Objs. ("Pls. Reply") (Dkt. 263)).

For the following reasons, the court ADOPTS IN FULL the R&R and DENIES the Motion.

I. STANDARD OF REVIEW

In reviewing an R&R from a magistrate judge, the district court may adopt "those portions of [the R&R] to which no 'specific written objections' are made . . . as long as the factual and legal bases supporting the findings are not clearly erroneous." McCrary v. Marks, No. 17-CV-4368 (JFB), 2018 WL 4204244, at *1 (E.D.N.Y. Sept. 4, 2018) (citing, inter alia, Fed. R. Civ. P. 72(b)); see Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the [R&R] has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (alteration adopted) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)).

The district court must review de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3). To obtain this de novo review, an objecting party "must point out the specific portions of the [R&R]" to which objection is made. Sleepy's LLC v. Select Comfort Wholesale Corp., 222 F. Supp. 3d 169, 174 (E.D.N.Y.

2016); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the [c]ourt reviews the [R&R] only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (citations omitted); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that the plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)").

## II. DISCUSSION

### A. Defendants' Objections

Defendants' objections are short, unspecific, and conclusory. First, Defendants claim that there are four, rather than three, judgments that have not yet been satisfied. (Defs. Objs. ¶ 2.) Second, Defendants claim that the court never issued a decision on Dorvilier's August 18, 2009, motion for reconsideration of the court's denial of his motion for summary judgment. (Id. ¶ 3.) Third, Defendants object "to the entire report" on the grounds that Dorvilier's "due process rights were violated." (Id. ¶ 4.) Fourth, Defendants seemingly object to the fact that the R&R does not recommend that Plaintiffs' counsel be required to deposit $13,544.84, which he currently holds in an escrow account, with the court. (Id. ¶ 5.) Finally, Defendants argue that sanctions should be granted "because the satisfactions of judgment were not filed within [90] days after the judgment was entered." (Id. ¶ 6.)

### B. Review of Defendants' Objections

Plaintiffs aver that the court should review the R&R for clear error because Defendants' objections "lack the requisite specificity to trigger de novo review." (Pls. Reply at 2.) The court agrees.

3

First, as to the debate over the number of judgments, Plaintiffs state that Defendants have not shown that the supposed fourth judgment exists. (Id. at 2-3.) Defendants have not appended the judgment to their objections, nor have they provided any identifying information, such as a docket number. (Id. at 3.) As Plaintiffs further note, the R&R called Defendants' contention that four judgments exist "inexplicabl[e]" and proceeded to set forth how "there were only three judgments entered in this action." (R&R at 22-23.) The court agrees that Defendants' objection to the R&R on this ground is conclusory and lacks both a factual basis and supporting legal authority. This portion of the R&R is thus only subject to review for clear error.

As to the motion for reconsideration, a review of the docket clearly shows that Dorvilier agreed to withdraw this motion at a hearing before Judge Go on August 19, 2009. (See Aug. 19, 2009, Min. Entry (Dkt. 81).) Accordingly, whatever objections Defendants may have stemming from the August 10, 2009, motion for reconsideration are inappropriate.

Next, the court agrees with Plaintiffs that Defendants' "due process" objections are unsupported by any legal authority or factual basis. (Pls. Reply at 3-4.) Indeed, Defendants cite no authority in support of their claim that "all the nurses should be required to testify under oath regarding overtime payments to them and monies, if any, actually received by them." (Defs. Objs. ¶ 4.) Nor do Defendants offer any reason for the court to reject the R&R's findings that Plaintiffs' counsel did not engage in "double dipping," or for the court to suspect that the checks that were provided in satisfaction of the outstanding judgments were "fake." (Id.) As Plaintiffs point out, these objections are phrased as being what Dorvilier "believe[s]," not what the law or facts compel. (Pls Reply at 4 n.3.) A party's belief, without any legal or factual basis underlying that belief, cannot constitute a sufficiently specific objection such that de novo review is proper.

Next, Defendants' objection that Plaintiffs' counsel continues to hold $13,544.84 in his escrow account is not directed at any portion of the R&R. (See Defs. Objs. ¶ 5.) In the R&R, Judge Go noted that "the question of disposition of the remaining funds in the Levy Davis escrow account has not been properly briefed with legal authority" and promised to set a schedule for disposition of those funds. (R&R at 25.) As Plaintiffs point out, Defendants do not object to this portion of the R&R. (Pls. Reply at 4.) Without any objection to a specific portion of the R&R, Defendants' objection on this grounds functions more as a general observation, and cannot be used to apply de novo review to the R&R.

Finally, the court also rejects Defendants' objection as to the denial of the motion for sanctions. In the R&R, Judge Go explained that the motion for sanctions was "moot" because "there are no judgments entered in this action or any judgments docketed in Queens County that remain to be satisfied." (R&R at 23.) Defendants, however, argue that the Motion should be granted because the satisfactions of judgment were not filed within 90 days of the entry of judgment. (Defs. Objs. ¶ 6.) Their only citation on this point is to N.Y. C.P.L.R. 5021(b). (Id.) Regardless of whether C.P.L.R. 5021(b) applies to the proceeding before the court, the court agrees with Plaintiffs that Defendants' objection fails because it does not "articulate[] any basis on which to challenge [the R&R's] recommendation that the motion for sanctions be denied as moot." (Pls. Reply at 5.)

Accordingly, the court reviews the R&R for clear error. The court finds no clear error in the R&R and adopts it in full.

## III. CONCLUSION

For the foregoing reasons, the court ADOPTS IN FULL the R&R (Dkt. 261) and DENIES Defendant Harry Dorvilier's Motion for Sanctions (Dkt. 233).

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge