UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                                                                       :
CLAUDIA GAYLE, Individually, On Behalf of All                          :
Others Similarly Situated and as a Class Representative,               :
ALINE ANTENOR, ANNE C. DEPASQUALE,                                     :
ANNABEL LLEWELLYN-HENRY, EVA MYERS-                                    :
GRANGER, LINDON MORRISON, NATALIE                                      :
RODRIGUEZ, JACQUELINE WARD, DUPONT                                     :
BAYAS, CAROL P. CLUNIE, RAMDEO                                         :
CHANKAR SINGH, CHRISTALINE PIERRE,                                     :
LEMONIA SMITH, BARBARA TULL, HENRICK                                   :
LEDAIN, MERIKA PARIS, EDITH MUKARDI,                                   :
MARTHA OGUN JANCE, MERLYN PATTERSON,                                   :
ALEXANDER GUMBS, SEROJNIE BHOG,                                        :
GENEVIEVE BARBOT, CAROLE MOORE,                                        :
RAQUEL FRANCIS, MARIE MICHELLE GERVIL,                                 :
NADETTE MILLER, PAULETTE MILLER,                                       :      **REPORT AND**
BENDY PIERRE-JOSEPH, ROSE-MARIE                                        :      **RECOMMENDATION**
ZEPHIRIN, SULAIMAN ALI-EL, DEBBIE ANN                                  :      1:07-cv-04672 (NGG)(PK)
BROMFIELD, REBECCA PILE, MARIA GARCIA                                  :
SHANDS, ANGELA COLLINS, BRENDA LEWIS,                                  :
SOUCIANNE QUERETTE, SUSSAN AJIBOYE,                                    :
JANE BURKE HYLTON, WILLIE EVANS,                                       :
PAULINE GRAY, EVIARNA TOUSSAINT,                                       :
GERALDINE JOAZARD, NISEEKAH Y. EVANS,                                  :
GETTY ROCOURT, CATHERINE MODESTE,                                      :
MARGUERITE L. BHOLA, YOLANDA                                           :
ROBINSON, KARLIFA SMALL, JOAN-ANN R.                                   :
JOHNSON, LENA THOMPSON, MARY A. DAVIS,                                 :
NATHALIE FRANCOIS, ANTHONY HEADLAM,                                    :
DAVID EDWARD LEVY, MAUD SAMEDI,                                        :
BERNICE SANKAR, MARLENE HYMAN,                                         :
LUCILLE HAMILTON, PATRICIA ROBINSON                                    :
                                                                       :
                         Plaintiffs,                                   :
                                                                       :
                      -against-                                        :
                                                                       :
HARRY'S NURSES REGISTRY, INC., and HARRY                               :
DORVILIER,                                                             :
                                                                       :
                         Defendants.                                   :
                                                                       :
-------------------------------------------------------------------- X

**Peggy Kuo, United States Magistrate Judge:**

Plaintiffs filed a Motion for Attorney's Fees and Costs seeking an order pursuant to 29 U.S.C. § 216(b), awarding the costs and fees of this action incurred on appeal. ("Motion," Dkt. 276.) The Honorable Nicholas G. Garaufis referred the Motion to the undersigned for a Report and Recommendation. (Feb. 26, 2020 Order.)

## PROCEDURAL HISTORY

On November 7, 2007, Claudia Gayle commenced an action on behalf of herself and other similarly situated nurses employed by Defendants. (Compl., Dkt. 1 ¶ 1.) Gayle sought to recover unpaid overtime pay and liquidated damages under the Fair Labor Standards Act ("FLSA"). (*Id.* ¶¶ 22-24.) During the course of a years-long litigation—including, an appeal to the Second Circuit, *see Gayle v. Harry's Nurses Registry, Inc.*, 594 F. App'x 714 (2d Cir. 2014), and a petition for a writ of certiorari, which the Supreme Court denied, *see Harry's Nurses Registry, Inc. v. Gayle*, 135 S. Ct. 2059 (2015)—three judgments were entered against Defendants. In total, Plaintiffs were awarded $760,315.76 for lost wages and liquidated damages under the FLSA, and fees and costs totaling $171,643.39. (Dkts. 180, 214, 225, 226; *see also* Dkt. 261 at 4.)

On September 22, 2017, Defendant Harry Dorvilier filed a letter entitled "Motion for Sanctions." (Dkt. 233.) Dorvilier alleged that Plaintiffs' counsel, Jonathan A. Bernstein, was not properly distributing to Plaintiffs the money awarded to them by the Court. (*Id.* at 1-2.) Dorvilier also alleged that Bernstein "double dipped" by keeping for himself funds that should have gone to the clients and, as a result, received more money than the Court awarded him. (*Id.* at 2.) After considering the briefing and evidence submitted by the parties, Judge Marilyn D. Go recommended that Defendants' motion for sanctions "be denied in all respects." (Dkt. 261 at 25.) Defendants filed objections to Judge Go's report and recommendation on September 25, 2018. (Dkt. 262.) Judge Garaufis adopted the report and recommendation in full on September 30, 2018. ("Order," Dkt. 264.)

Defendants appealed this Court's Order to the Second Circuit on November 16, 2018.  (*Appeal Docketed*, No. 18-3472 (2d Cir. Nov. 16, 2018).)  The parties engaged in motion practice before the Second Circuit, including a motion to consolidate Defendants' appeal in this case with another case (Appellate Dkts. 30, 35, 38, 39, 52) and multiple motions to reinstate the appeal (*see* Appellate Dkts. 79-86, 90, 91, 96, 98; *see also* Dkt. 277 ¶ 11).  The Second Circuit affirmed the Order on January 24, 2020 (Appellate Dkt. 133) and issued a mandate on February 14, 2020 (Dkt. 275).  The Second Circuit held that "the district court [did not] abuse[ ] its discretion in ultimately declining to impose sanctions on plaintiffs' counsel."  *Gayle v. Harry's Nurses Registry*, 802 F. App'x 1, 3 (2d Cir. 2020).

On February 25, 2020, Plaintiffs filed the Motion (*see* Dkts. 276, 277), seeking attorney's fees and costs "for work done on appeal."  (Dkt. 277 ¶ 4.)  Plaintiffs seek $14,834.66 in fees (*id.* ¶ 13), representing a total of 37.86 hours of attorney and paralegal time.  (*Id.* ¶ 10; Dkt. 277-2 at 2.) Bernstein's hourly rate is $400 and the paralegal's hourly rate is $80.  (Dkt. 277-2 at 1, 2.)  According to an exhibit submitted by Plaintiffs, the fees were incurred as follows:[1]

| High Level Description | Time | Fees |
|---|---|---|
| Paralegal Time | 0.6 hours | $48.00 |
| Attorney Time (Excluding Fees Motion) | 33.61 hours | $13,446.66 |
| Attorney Time on Fees Motion | 3.05 hours | $1,220 |
| Attorney Travel Time | 0.6 hours | $120 |

Plaintiffs also seek $136.50 in copying costs.  (Dkt. 277 ¶ 12; Dkt. 277-2 at 2.)  In total, Plaintiffs request an award in the amount of $14,971.16.  (Dkt. 277 ¶ 13; Dkt. 277-2 at 3.)  Defendants did not oppose the motion.

## **LEGAL STANDARD**

"Under the FLSA . . . , a prevailing plaintiff is entitled to reasonable attorneys' fees and costs." *Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (citing 29 U.S.C. § 216(b)).  The costs

---

[1] Information in this chart is derived from Exhibit 2 to the Declaration in Support of Plaintiffs' Motion for Attorney's Fees and Costs.  (*See* Dkt. 277-2.)

awarded "normally includes those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Id.* (quotation, citation, and alteration omitted). A prevailing plaintiff may also receive those fees and costs incurred while defending an appeal. *See Young v. Cooper Cameron Corp.*, 586 F.3d 201, 208 (2d Cir. 2009) (remanding the case "to the district court for the proper determination of appellate fees and costs owed to Young," the prevailing plaintiff and appellee).

"The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs." *Fisher*, 948 F.3d at 600.

Courts use the lodestar analysis to calculate "a presumptively reasonable fee" in FLSA cases. *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 20-21 (S.D.N.Y. 2015). The "lodestar is calculated by multiplying the number of hours reasonably billed by . . . the appropriate hourly rate." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 n.4 (2d Cir. 2008) (quotation omitted). Ultimately, "[t]he district court retains discretion to determine what constitutes a reasonable fee." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quotation, citation, and alteration omitted).

## **DISCUSSION**

### I.      **Paralegal Fees**

Plaintiffs seek reimbursement of the paralegal's work at the rate of $80 per hour. (Dkt. 277-2 at 2.) The Court has previously found this rate to be reasonable. (Dkt. 206 at 22, *R&R adopted*, Dkt. 211.) For the appeal, the paralegal billed 0.60 hours on July 22, 2019, for "[f]ormat[ting] TOC, TOA & Brief for filing." (Dkt. 277-2 at 2.) The undersigned concludes that these are appropriate tasks for a paralegal to perform and that the paralegal spent a reasonable amount of time on them. *See Barile v. Allied Interstate, Inc.*, No. 12-CV-916 (LAP)(DF), 2013 WL 795649, at *10 (S.D.N.Y. Jan. 30, 2013), *R&R adopted*, 2013 WL 829189 (S.D.N.Y. Mar. 4, 2013) (stating that "revising tables of contents and authorities" are compensable paralegal tasks). Therefore, the undersigned recommends that Plaintiffs'

motion be granted as to the paralegal fees.

## II.   Attorney Bernstein's Fees

### A.   *Hourly Rate*

Bernstein's current hourly rate is $400.  (Dkt. 277 ¶ 5.)  "In the Eastern District of New York, depending on the nature of the action, extent of legal services provided, and experience of the attorney, hourly rates range from approximately $300 to 400 per hour for partners . . . ."  *Gagasoules v. MBF Leasing LLC*, No. 08-CV-2409 (ADS)(ARL), 2013 WL 1760134, at *3 (E.D.N.Y. Apr. 24, 2013); *see also Orellana v. Murgat*, No. 17-CV-6854 (JS)(AYS), 2018 WL 5456678 (E.D.N.Y. Aug. 24, 2018), *R&R adopted*, Sept. 24, 2018 (applying the range in *Gagasoules* to an FLSA fees petition).  Bernstein's rate is the same as it was when he previously applied for a fee award in this action.  At that time, the Court reduced his rate to $350 per hour, finding that although he "has considerable experience as a labor and employment lawyer, his background is not as extensive as those highly experienced and impeccably credentialed partners who have been awarded rates on the higher end of the attorneys' fees spectrum."  (Dkt. 206 at 20-21 (quotation and citation omitted).)  The Court also found that "[t]he nature of the work performed in this matter was relatively straightforward and no novel or complex issues were raised by plaintiffs."  (*Id.* at 21.)

Bernstein gives three reasons justifying a higher hourly rate from the one the Court previously approved, none of which are persuasive.  First, "the rate should be augmented by $50 per hour to account for inflation and counsel's increased expertise in the ensuing 6 ½ years."  (Dkt. 277 ¶ 6.)  The hourly range for experienced labor and employment lawyers practicing in this district has held steady at least since this Court's prior opinion in 2013.  (*See* Dkt. 206 at 20 ("As a preliminary matter, courts have found that the prevailing hourly rate for partners in this district is between $300 and $400.").)  As recently as May 4, 2020, another court in this district found that in FLSA cases, the "prevailing rates range from $300 to $400 per hour for experienced attorneys."  *Callari v. Blackman Plumbing Supply,*

*Inc.*, No. 11-CV-3655 (ADS)(AKT), 2020 WL 2771008, at *9 (E.D.N.Y. May 4, 2020), *R&R adopted*, 2020 WL 2769266 (E.D.N.Y. May 28, 2020) (reducing an attorney's hourly rate from $425 to $380); *see also Martir v. Huntington Provisions Inc.*, No. 19-CV-2412 (DRH)(AYS), 2020 WL 2736696, at *8 (E.D.N.Y. Apr. 29, 2020), *R&R adopted*, 2020 WL 2735173 (E.D.N.Y. May 26, 2020) (citing the range in *Gagasoules* and finding a billing rate of $375 per hour "to be within the reasonable range"). Bernstein provides no reason why his rate should be increased over the ensuing six and a half years when the prevailing rates have not changed.

Bernstein alleges that his experience has increased in the past six and a half years, but he has submitted no evidence to support this claim. *See Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 208 (E.D.N.Y. 2007) (finding "that a superior award" of higher hourly rate is not warranted when the "attorneys have not provided any evidence" of their experience); *see also Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 508 (S.D.N.Y. 2012) (declining to credit a party's asserted hourly rate when it was not supported by evidence). The only case Bernstein cites in support of his argument that inflation warrants a higher hourly rate is out of district. (Dkt. 277 ¶ 6 (citing *Greathouse v. JHS Sec., Inc.*, No. 11-CV-7845 (PAE)(GWG), 2017 WL 606507 (S.D.N.Y. Feb. 15, 2017), *R&R adopted*, 2017 WL 4174811 (S.D.N.Y. Sept. 20, 2017), *aff'd* 735 F. App'x 25 (2d Cir. 2018).) However, the reasonableness of an attorney's hourly rate is determined by the prevailing rates in "the district in which the court sits." *Martir*, 2020 WL 2736696, at *8 (quotation and citation omitted).

Second, unlike the underlying FLSA litigation, Bernstein contends that the sanctions appeal "involved more complex questions of standing and the purported requirement that a district court exercising its ancillary jurisdiction over distribution of the judgment must conduct a full evidentiary hearing notwithstanding the documentary evidence." (Dkt. 277 ¶ 7.) Bernstein fails to explain why the issues on appeal were "more complex" than those in the underlying litigation, or to cite any cases in support of his position. *See Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers*, No. 89-CV-

4240 (ADS), 1995 WL 374401, at *11 (E.D.N.Y. Feb. 17, 1995) (rejecting counsel's "conten[tion] that they should be compensated at a higher hourly rate for their appellate work" when, *inter alia*, "[c]ounsel cites no case, however, to support [the] proposition" that the "appeal in this case involved 'complex and novel' issues").

Indeed, a review of the Second Circuit's summary order affirming this Court's denial of Defendants' sanctions motion confirms that the issue on appeal was straightforward.  Defendants claimed on appeal that this Court abused its discretion in not holding an evidentiary hearing before denying the sanctions motion.  *Gayle*, 802 F. App'x at 3.  In a brief opinion, the Second Circuit explained that "[a]ppellants cite no authority for the proposition that a district court errs when it does not hold an evidentiary hearing for a non-dispositive motion in a civil case, and we have found no error even in a district court's *imposition* of sanctions without a full evidentiary hearing."  *Id.* (original emphasis).  Nothing in this opinion indicates that the issue before the Second Circuit was either novel or complex.  *See Watkins v. Smith*, No. 12-CV-4635 (DLC), 2015 WL 476867, at *4 (S.D.N.Y. Feb. 5, 2015) ("The record does not indicate that a rate for attorney work that either exceeds or sits in the upper limits of the Southern District's prevailing range is appropriate in this case. . . .  The issues presented on appeal were not novel or complex, and the work performed concerned only a discrete aspect of the case.").

Third, Bernstein "did not seek a fee for work done in the district court incident to the motion for sanctions and the Court's supervision of the distribution of unclaimed funds."  (Dkt. 277 ¶ 8.)  Whether Bernstein sought a fee for his work opposing the sanctions motion has no bearing on the reasonableness of his hourly rate.  Bernstein has not established otherwise.

The Court previously held that Bernstein's travel time should be compensated at half his hourly rate, or $175 per hour.  (Dkt. 206 at 21 n.6.)  Because Bernstein provides no reason to deviate from this holding, the undersigned applies the rate of $175 per hour.  *See Estrella v. P.R. Painting Corp.*,

7

596 F. Supp. 2d 723, 726 (E.D.N.Y. 2009) ("The Court finds that compensating [Jonathan A.] Bernstein for travel time at 50% of his hourly rate is appropriate.").

Accordingly, the undersigned recommends that Bernstein's legal work should be reimbursed at the rate of $350 per hour and his travel time should be reimbursed at the rate of $175 per hour.

### B.   *Reasonableness of Time (Excluding Work on the Instant Fees Motion and Travel)*

Plaintiffs seek reimbursement for 33.61 hours of Bernstein's time.  However, not all of Bernstein's work on this matter should have been performed by an experienced attorney.  Instead, certain tasks that Bernstein performed—such as filing documents and inserting citations to the record in briefs (Dkt. 277-2 at 1-2)—should have been performed by a paralegal.  *See Callari*, 2020 WL 2771008, at *12 (explaining that tasks like "review[ing] electronic orders and case management orders, [and] fil[ing] documents on ECF . . . should have been conducted by a paralegal").  Specifically, the following seven entries contain tasks that should have been performed by a paralegal and not an experienced attorney:

| Date | Narrative | Hours | Fees Sought |
|---|---|---|---|
| December 14, 2018 | Draft and file acknowledgment and notice of appearance, certificate of service | 0.33 | $133.33 |
| December 27, 2018 | File opposition to motion | 0.2 | $80 |
| April 24, 2019 | Review motion to reinstate appeal; research and draft declaration in opposition; file ECF | 3.1 | $1240 |
| May 1, 2019 | Revise, finalize and file declaration in opposition to motion | 0.25 | $100 |
| July 17, 2019 | Review appendix, insert citations to record, revise and edit brief | 1.3 | $520 |
| July 30, 2019 | Complete and file oral argument statement | 0.25 | $100 |
| November 1, 2019 | Review, execute and file notice of hearing date | 0.2 | $80 |

(Dkt. 277-2 at 1-2.)  It is difficult to determine how many hours Bernstein spent on these paralegal tasks because many of the entries are "block billed."  "While block billing is not prohibited in this Circuit," the practice "renders it difficult to determine whether, and/or the extent to which, the work done by the attorneys is duplicative or unnecessary."  *Callari*, 2020 WL 2771008, at *14 (quotation,

8

citations, and alteration omitted).

Rather than parsing out how much time Bernstein dedicated to tasks that should have been performed by others, the undersigned recommends that it is reasonable to reduce his 33.61 hours of attorney time by 10% to 30.25 hours. *See Flores v. Food Express Rego Park, Inc.*, No. 1-CV-1410 (KAM)(SMG), 2016 WL 386042, at *3 (E.D.N.Y. Feb. 1, 2016) (reducing an attorney's hours by 15% pursuant to its "'authority to make across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application'" (quoting *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987))); *see also TADCO Constr. Corp. v. Dormitory Auth. of N.Y.*, No. 08-CV-0073 (KAM)(MDG), 2016 WL 11669712, at *5 (E.D.N.Y. Dec. 21, 2016) ("In instances where the court will grant attorney's fees but the record keeping consists of block-billing, it is appropriate to implement a percentage reduction to the requested hours because block entries make it difficult for the court to determine whether the time expended was reasonable." (citation omitted)).

### C.    Reasonableness of Time Spent on the Instant Fee Application

Bernstein spent 3.05 hours on the motion currently before the undersigned. Based on the descriptions provided, the undersigned concludes that none of the time associated with this motion was spent on tasks that should have been handled by a paralegal. (Dkt. 277-2 at 2.) Furthermore, the time Bernstein spent on this motion appears to be reasonable. Accordingly, the undersigned recommends that Plaintiffs be awarded the fees for the 3.05 hours Bernstein worked on this motion. *See Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1184 (2d Cir. 1996) (reversing "the district court's order denying the plaintiff an award of attorneys' fees for the time incurred in litigating the fee claim"); *TADCO Constr.*, 2016 WL 11669712, at *6 ("The court may award a fee for the time spent in preparing and defending an application for fees." (citation omitted)).

### D.    Bernstein's Travel Time

Plaintiffs seek reimbursement for Bernstein's travel time to and from the Second Circuit. He

billed 0.2 hours traveling to and from the courthouse on December 17, 2019 and 0.4 traveling to and from the courthouse on December 19, 2019. (Dkt. 277-2 at 2.) The undersigned recommends finding that 0.6 hours of travel time is reasonable. *See Estrella*, 596 F. Supp. 2d at 728.

## III. Costs

Plaintiffs seek $136.50 in reimbursement for copying and printing fees. (Dkt. 277-2 at 2.) Bernstein explained that Plaintiffs' "brief was assembled, copied and printed in house, *i.e.*, by my firm's paralegal." (Dkt. 277 ¶ 12.) The undersigned concludes that these costs are reasonable. *See Ethelberth v. Choice Sec. Co.*, No. 12-CV-4856 (PKC)(VMS), 2016 WL 11469536, at *14 (E.D.N.Y. Aug. 5, 2016), *R&R adopted*, Aug. 23, 2016.

## **CONCLUSION**

Based on the foregoing, the undersigned respectfully recommends that the Court grant Plaintiffs' motion and approve Plaintiffs' request for attorney's fees as follows:

| Description | Time | Rate | Total |
| --- | --- | --- | --- |
| Paralegal Time | 0.6 hours | $80 | $48.00 |
| Attorney Time (Excluding Fees Motion) | 30.25 hours | $350 | $10,587.50 |
| Attorney Time on Fees Motion | 3.05 hours | $350 | $1,067.50 |
| Attorney Travel Time | 0.6 hours | $175 | $105 |
| *Fees Total:* | | | $11,808.00 |

The undersigned also respectfully recommends that the Court approve Plaintiffs' request for costs in the amount of $136.50, for a total of $11,944.50 in fees and costs.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         July 14, 2020