UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
:
CLAUDIA GAYLE, Individually, On Behalf of All :
Others Similarly Situated and as a Class Representative, :
ALINE ANTENOR, ANNE C. DEPASQUALE, :
ANNABEL LLEWELLYN-HENRY, EVA MYERS- :
GRANGER, LINDON MORRISON, NATALIE :
RODRIGUEZ, JACQUELINE WARD, DUPONT :
BAYAS, CAROL P. CLUNIE, RAMDEO :
CHANKAR SINGH, CHRISTALINE PIERRE, :
LEMONIA SMITH, BARBARA TULL, HENRICK :
LEDAIN, MERIKA PARIS, EDITH MUKARDI, :
MARTHA OGUN JANCE, MERLYN PATTERSON, :
ALEXANDER GUMBS, SEROJNIE BHOG, :
GENEVIEVE BARBOT, CAROLE MOORE, :
RAQUEL FRANCIS, MARIE MICHELLE GERVIL, :
NADETTE MILLER, PAULETTE MILLER, :
BENDY PIERRE-JOSEPH, ROSE-MARIE :
ZEPHIRIN, SULAIMAN ALI-EL, DEBBIE ANN :     **REPORT AND**
BROMFIELD, REBECCA PILE, MARIA GARCIA :     **RECOMMENDATION**
SHANDS, ANGELA COLLINS, BRENDA LEWIS, :     1:07-cv-04672 (NGG)(PK)
SOUCIANNE QUERETTE, SUSSAN AJIBOYE, :
JANE BURKE HYLTON, WILLIE EVANS, :
PAULINE GRAY, EVIARNA TOUSSAINT, :
GERALDINE JOAZARD, NISEEKAH Y. EVANS, :
GETTY ROCOURT, CATHERINE MODESTE, :
MARGUERITE L. BHOLA, YOLANDA :
ROBINSON, KARLIFA SMALL, JOAN-ANN R. :
JOHNSON, LENA THOMPSON, MARY A. DAVIS, :
NATHALIE FRANCOIS, ANTHONY HEADLAM, :
DAVID EDWARD LEVY, MAUD SAMEDI, :
BERNICE SANKAR, MARLENE HYMAN, :
LUCILLE HAMILTON, PATRICIA ROBINSON, :
:
Plaintiffs, :
:
-against- :
:
HARRY'S NURSES REGISTRY, INC., and HARRY :
DORVILIER, :
:
Defendants. :
:
-------------------------------------------------------------------- X

1

**Peggy Kuo, United States Magistrate Judge:**

Plaintiffs filed a Motion for Attorney's Fees and Costs seeking an order pursuant to 29 U.S.C. § 216(b), awarding the fees and costs incurred in defending against Defendants' appeal of this Court's Order denying Defendants' request to reopen the case. ("Motion," Dkt. 304.) The Honorable Nicholas G. Garaufis referred the Motion to me for a Report and Recommendation. (May 9, 2022 Order.)

## FACTUAL AND PROCEDURAL BACKGROUND

The background of this case, which was brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, is set forth in *Gayle v. Harry's Nurses Registry*, 802 F. App'x 1 (2d Cir. 2020) (citation to summary order), *Gayle v. Harry's Nurses Registry, Inc.*, 594 F. App'x 714 (2d Cir. 2014) (citation to summary order), and the undersigned's report and recommendation dated July 14, 2020 (Dkt. 279), which was adopted by Judge Garaufis on July 31, 2020, *see Gayle v. Harry's Nurses Registry, Inc.*, No. 07-CV-4672 (NGG)(PK), 2020 WL 4381809 (E.D.N.Y. July 31, 2020). I, therefore, present only the facts relevant to the Motion.

Judgment was entered against Defendants on September 19, 2012 (Dkt. 180), and an amended judgment was entered on October 22, 2013. (Dkt. 214.) Defendants' appeal was unsuccessful, and the judgment, as amended, was affirmed on December 8, 2014. *Gayle*, 594 F. App'x 714. On May 11, 2021, Defendants filed a motion to reopen this case (Dkt. 292), which Judge Garaufis denied, noting that "[t]his case is not administratively closed, as defense counsel appears to believe, but rather is closed because the merits have been conclusively litigated to judgment." ("May 13, 2021 Order.")

Defendants appealed the May 13, 2021 Order to the Second Circuit Court of Appeals. (*See* Dkts. 294, 296.) Plaintiffs filed a cross motion to dismiss Defendants' appeal, arguing that the Court of Appeals did not have jurisdiction over the May 13, 2021 Order because it was not a final judgment and therefore, could not be appealed. (*See* Ex. 6 to Jonathan A. Bernstein Reply Declaration in Further

2

Support of Plaintiffs' Motion ("Bernstein Reply Decl.") at 4, Dkt. 308-3.) Plaintiffs also argued that because a final judgment was issued in 2012 and amended in 2013, the time to appeal had expired. (*Id.*) The Court of Appeals requested that Plaintiffs file additional briefing on the effect that *United States v. Yonkers Bd. of Educ.*, 946 F.2d 180 (2d Cir. 1991) had on whether "a post-judgment order that disposes of all matters then pending before the district court is not an appealable final decision . . . ." (*See* Ex. 5 to Bernstein Reply Decl. at 2, Dkt. 308-2.) Plaintiffs did so. (*See id.*)

The Court of Appeals dismissed the appeal on March 16, 2022, agreeing with Plaintiffs that "[t]o the extent the Appellants seek to challenge the 2012 and/or 2013 judgments, this Court lacks jurisdiction; the time to file a notice of appeal challenging those judgments has long ago elapsed." ("Mandate" at 1, Dkt. 301.) The Appeals Court further found that it did have jurisdiction over the district court's May 13, 2021 Order, but "dismissed [the appeal] as frivolous." (*Id.* at 2.) Because Defendants' attorney George A. Rusk "pursued a frivolous appeal and presented clearly meritless arguments to this Court," the Court of Appeals referred him to its Grievance Panel. (*See id.*)

Plaintiffs filed the Motion requesting an award of attorneys' fees and costs related to this appeal. Briefing on the Motion was filed pursuant to the Court's bundling rule on May 9, 2022. (*See* Jonathan A. Bernstein Declaration in Support of Plaintiff's Motion ("Bernstein Decl."), Dkt. 305; Affirmation of George A. Rusk Opposing Plaintiffs' Motion ("Rusk Aff."), Dkt. 306; Defendants Memorandum of Law in Opposition to Plaintiff's Motion ("Def. Mem. of Law"), Dkt. 307; Plaintiffs' Reply Memorandum of Law in Further Support of Motion, Dkt. 309.)

## LEGAL STANDARD

"Under the FLSA . . . , a prevailing plaintiff is entitled to reasonable attorneys' fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (citing 29 U.S.C. § 216(b)). The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

3

The costs awarded "normally include[] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Fisher*, 948 F.3d at 600 (quoting *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)). "The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs." *Id.*

Courts use the lodestar analysis to calculate "a presumptively reasonable fee" in FLSA cases. *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 21 (S.D.N.Y. 2015) (citation omitted). The "'lodestar' is calculated by multiplying the number of hours reasonably billed by . . . the appropriate hourly rate." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 n.4 (2d Cir. 2008). Ultimately, "[t]he district court retains discretion to determine . . . what constitutes a reasonable fee." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (alteration in original) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998)).

## DISCUSSION

### I. Whether the FLSA Permits an Award of Attorneys' Fees for Work Done on This Appeal

Under the FLSA, a prevailing plaintiff may receive attorneys' fees and costs incurred while defending an appeal. *See, e.g.*, *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 208 (2d Cir. 2009) (remanding case "to the district court for the proper determination of appellate fees and costs owed" to the prevailing plaintiff and appellee in FLSA case); *Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 948 (2d Cir. 1959) (awarding counsel additional fees for services performed on FLSA appeal); *Velez v. Vassallo*, 203 F. Supp. 2d 312, 315 (S.D.N.Y. 2002) ("[P]revailing plaintiffs in FLSA cases are entitled to attorneys' fees for prosecuting or defending appeals."); *Tran v. Tran*, No. 91-CV-6818 (RPP), 2002 WL 31108362 (S.D.N.Y. Sept. 23, 2002) (awarding fees for plaintiff's attorneys' work on FLSA and RICO appeal but reducing fee amount based on time spent on frivolous LMRA claim on appeal). Plaintiffs have already been awarded attorneys' fees for work done in defending prior appeals in this case. *See Gayle*, 2020 WL 4381809; (Apr. 15, 2015 Judgment, Dkt. 226).

4

Defendants argue that because the issues on appeal this time did not involve wage or overtime compensation, the FLSA does not permit an award of fees or costs. (Def. Mem. of Law at 2, 4.)

Defendants cite no caselaw to support this interpretation of the FLSA's fee-shifting provision. Defendants reference cases that describe "the American Rule" (*see* Def. Mem. of Law at 3-4), which provides that the prevailing party bears its own fees and costs. *See Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 123 (2d Cir. 2013) (citation omitted). However, this rule does not apply where a statute explicitly provides that a prevailing plaintiff's attorneys' fees shall be paid by the defendant, as does the FLSA. *See Andrews v. City of N.Y.*, 118 F. Supp. 3d 630, 635 (S.D.N.Y. 2015); 29 U.S.C. § 216(b).

Moreover, courts have awarded attorneys' fees in FLSA appeals that similarly dealt with procedural issues. *See, e.g., Zubair v. Entech Eng'g, P.C.*, 550 F. App'x 59, 60-61 (2d Cir. 2014) (finding appellees in FLSA case were entitled to attorneys' fees related to appeal of district court's denial of appellants' motion for extension of time to file a notice of appeal) (citation to summary order).

Accordingly, I find that the FLSA permits Plaintiffs to seek attorney's fees and costs incurred in defending the appeal of the May 13, 2021 Order.

**II.   Reasonableness of Fees**

   *A. Hourly Rate*

Plaintiffs' counsel Jonathan Bernstein charges a rate of $350 per hour, which this Court previously found to be reasonable. *Gayle*, 2020 WL 4381809, at *4; *see also Callari v. Blackman Plumbing Supply, Inc.*, No. 11-CV-3655 (ADS)(AKT), 2020 WL 2771008, at *9 (E.D.N.Y. May 4, 2020) (finding that in FLSA cases, the "prevailing rates range from $300 to $400 per hour for experienced attorneys"), *R&R adopted*, 2020 WL 2769266 (E.D.N.Y. May 28, 2020); *Singh v. A&A Market Plaza, Inc.*, No. 15-CV-7396 (AKT), 2019 WL 4861882, at *7 (E.D.N.Y. Sept. 30, 2019) ("Prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour.").

5

Given that Bernstein's qualifications have not changed since this Court's finding that $350 was a reasonable hourly rate for him in 2020, I find that Bernstein's hourly rate remains reasonable.

Bernstein also seeks reimbursement for work that he acknowledges should have been done by a paralegal. Bernstein works at a two-attorney firm and performs his own paralegal work. (Bernstein Decl. ¶ 10 n.1.) Hours billed by an attorney for tasks that are more appropriately performed by a paralegal may be billed at a reduced rate. *See, e.g.*, *Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12-CV-5456 (KMW)(AJP), 2013 WL 174226, at *7 (S.D.N.Y. Jan. 17, 2013) (reducing attorneys' fee amount for time spent completing administrative tasks), *R&R adopted*, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013); *Duke v. Cnty. of Nassau*, No. 97-CV-1495 (JS), 2003 WL 23315463, at *5 (E.D.N.Y. Apr. 14, 2003) (reducing hourly rate billed by attorneys for tasks that were clerical in nature). For those hours, Bernstein is seeking a rate of $80 per hour. (Bernstein Decl. ¶ 16.) The Court previously found this rate to be reasonable for paralegal work performed in this case, *see Gayle*, 2020 WL 4381809, at *2, and I find it reasonable here.

### B. Reasonableness of Time

Plaintiffs seek reimbursement for the time that Bernstein did legal work on this case between June 15, 2021 and May 4, 2022: 36.4 hours spent on the appeal, and 14.9 hours spent on the Motion. (*See* "Time Sheet," Ex. 2 to Bernstein Decl., Dkt. 305-2; "Second Time Sheet," Ex. 8 to Bernstein Reply Decl., Dkt. 308-5.) "The court may award a fee for the time spent in preparing and defending an application for fees." *TADCO Constr. Corp. v. Dormitory Auth. of State of N.Y.*, No. 08-CV-0073 (KAM)(MDG), 2016 WL 11669712, at *6 (E.D.N.Y. Dec. 21, 2016) (citation omitted); *see also Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1184 (2d Cir. 1996) (reversing "the district court's order denying the plaintiff an award of attorneys' fees for the time incurred in litigating the fee claim").

Based on the descriptions provided, I conclude that the time Bernstein spent on the appeal and the Motion is reasonable and that none of the time for which Plaintiffs are seeking an award at

6

the attorney rate was spent on tasks that should have been handled by a paralegal. Accordingly, I respectfully recommend that Plaintiffs be awarded attorneys' fees for the 51.3 hours Bernstein worked on this appeal and the Motion at the rate of $350 per hour, a total of $17,955.00.

Plaintiffs also request an award at the paralegal rate for 1.10 hours that Bernstein spent doing administrative work, *i.e.*, reviewing Federal Rules of Appellate Procedure and local motion rules, preparing and filing motion papers, and electronically filing Plaintiffs' Reply. (Time Sheet at 5, 6.) These are appropriate tasks for a paralegal to perform and a reasonable amount of time was spent on them. *See, e.g., Oriska Ins. Co. v. Israel Disc. Bank of N.Y.*, No. 17-CV-00910 (MAD)(TWD), 2019 WL 2929190, at *6 (N.D.N.Y. July 8, 2019) (reducing attorneys' fees for tasks that could have been performed by a junior associate or paralegal, including review of local court and statutory rules and arrangement of service and filing); *Barile v. Allied Interstate, Inc.*, No. 12-CV-916 (LAP)(DF), 2013 WL 795649, at *10 (S.D.N.Y. Jan. 30, 2013) (finding that revising documents and e-filing are compensable paralegal tasks), *R&R adopted*, 2013 WL 829189 (S.D.N.Y. Mar. 4, 2013). Accordingly, I respectfully recommend that Plaintiffs be awarded fees at the paralegal rate of $80 per hour for 1.10 hours of work, a total of $88.00.

### C. Whether Plaintiffs' Attorney's Fees Should be Reduced

While "there is a '"strong presumption"' that the lodestar figure represents the "reasonable" fee,' other considerations may lead to an upward or downward departure from the lodestar." *Grant v. Martinez*, 973 F.2d 96, 101 (2d Cir. 1992) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). The party requesting a departure "bears the burden of establishing that an adjustment is necessary to the calculation of a reasonable fee." *Id.* (citation omitted).

Defendants argue that Bernstein's fees should be reduced "to a *de minimus* [sic]" because the Second Circuit Court of Appeals rejected the jurisdictional arguments that Plaintiffs made on appeal. (Def. Mem. of Law at 4-5.)

7

A district court has authority to reduce the fees awarded to a prevailing plaintiff due to the plaintiff's partial or limited success. *Dancy v. McGinley*, 141 F. Supp. 3d 231, 239-40 (S.D.N.Y. 2015); *see, e.g.*, *Sooroojballie v. Port Auth. of N.Y. & N.J.*, No. 15-CV-1230 (WFK)(PK), 2021 WL 1827116, at *4 (E.D.N.Y. May 7, 2021) (affirming reduction of plaintiff's attorneys' fees by 10% where plaintiff ultimately prevailed on appeal but defendants succeeded on certain of the grounds on which they appealed). A "fee award should not be reduced," however, "simply because the plaintiff failed to prevail on every contention raised . . . . Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

While the Court of Appeals did not adopt Plaintiffs' jurisdictional arguments as to the May 13, 2021 Order, it did find that it lacked jurisdiction as to the 2012 and/or 2013 judgments, an issue Plaintiffs also raised in their briefs. (*See* Ex. 6 to Bernstein Reply Decl. at 4.) The Court's rejection of one of Plaintiffs' legal bases for their motion to dismiss the appeal is not grounds for reducing Plaintiffs' attorney's fees where Plaintiffs ultimately prevailed. *See Hensley*, 461 U.S. at 435. Unlike in *Sooroojballie*, Plaintiffs obtained all the relief that they sought, *i.e.*, the appeal was dismissed. Indeed, the appellate court found that Defendants' appeal was "frivolous" and potentially sanctionable.

I, therefore, decline to reduce Plaintiffs' counsel's fees based on the Court of Appeals' rejection of some of Plaintiffs' arguments.[1]

---

[1] I also find no merit to Defendants' other arguments challenging Plaintiffs' request for an award of fees. Defendants argue that Plaintiff Claudia Gayle did not consent to be part of the action, as required under the FLSA. (Def. Mem. of Law at 3.) I find, however, that Plaintiff Gayle's affidavit dated August 8, 2008 (*see* Dkt. 33; Ex. 4 to Bernstein Reply Decl., Dkt. 308-1) is sufficient to constitute her consent to be part of the collective action. *See Mendez v. Radec Corp.*, 260 F.R.D. 38, 52 (W.D.N.Y. 2009) (finding named plaintiff's signed affirmation, filed in support of the plaintiffs' first motion for class certification, was sufficient to satisfy the consent requirement of 29 U.S.C. § 216(b)).

Attorney Rusk makes several statements in his Affirmation, seemingly to justify a denial or reduction of fees. (*See, e.g.*, Rusk Aff. ¶ 15 (contending that "the legal fees incurred by Plaintiffs' counsel were the result of a situation of its own making" when Plaintiffs failed to timely file the Satisfaction of Judgment, thus prompting Defendants' appeal); ¶ 16c (arguing that Plaintiffs' counsel's hours spent reviewing Defendants' 95-page brief

### D. Costs

Plaintiffs seek $55.61 in reimbursement for copying, PACER, and filing fees. ("Costs," Dkt. 305-3.) Defendants do not contest these costs, and I find them reasonable. *See, e.g.*, *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 443 (S.D.N.Y. 2012); *Ethelberth v. Choice Sec. Co.*, No. 12-CV-4856 (PKC)(VMS), 2016 WL 11469536, at *14 (E.D.N.Y. Aug. 5, 2016), *R&R adopted*, Aug. 23, 2016.

## CONCLUSION

Based on the foregoing, I respectfully recommend that the Court grant Plaintiffs' Motion and approve Plaintiffs' request for an award of attorney's fees in the amount of $18,043.00 and costs in the amount of $55.61.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         February 10, 2023

---

should be subtracted because the brief did not provide the basis for the appeal and such review was "optional"); ¶ 16d, (arguing that "[a]ny attorney time devoted to sort through court clerk administrative determinations related to the motion for leave to file a late brief . . . should . . . be limited to less than 30 minutes in total . . . .").) Defendants' Memorandum of Law fails to argue these points in opposition to the Motion, however, and I find them to be meritless.