UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAUDIA GAYLE, Individually, On Behalf of All Others Similarly Situated and as a Class Representative, ALINE ANTENOR, ANNE C. DEPASQUALE, ANNABEL LLEWELLYN-HENRY, EVA MYERS-GRANGER, LINDON MORRISON, NATALIE RODRIGUEZ, JACQUELINE WARD, DUPONT BAYAS, CAROL P. CLUNIE, RAMDEO CHANKAR SINGH, CHRISTALINE PIERRE, LEMONIA SMITH, BARBARA TULL, HENRICK LEDAIN, MERIKA PARIS, EDITH MUKARDI, MARTHA OGUN JANCE, MERLYN PATTERSON, ALEXANDER GUMBS, SEROJNIE BHOG, GENEVIEVE BARBOT, CAROLE MOORE, RAQUEL FRANCIS, MARIE MICHELLE GERVIL, NADETTE MILLER, PAULETTE MILLER, BENDY PIERRE-JOSEPH, ROSE-MARIE ZEPHIRIN, SULAIMAN ALI-EL, DEBBIE ANN BROMFIELD, REBECCA PILE, MARIA GARCIA SHANDS, ANGELA COLLINS, BRENDA LEWIS, SOUCIANNE QUERETTE, SUSSAN AJIBOYE, JANE BURKE HYLTON, WILLIE EVANS, PAULINE GRAY, EVIARNA TOUSSAINT, GERALDINE JOAZARD, NISEEKAH Y. EVANS, GETTY ROCOURT, CATHERINE MODESTE, MARGUERITE L. BHOLA, YOLANDA ROBINSON, KARLIFA SMALL, JOAN-ANN R. JOHNSON, LENA THOMPSON, MARY A. DAVIS, NATHALIE FRANCOIS, ANTHONY HEADLAM, DAVID EDWARD LEVY, MAUD SAMEDI, BERNICE SANKAR, MARLENE HYMAN, LUCILLE HAMILTON, PATRICIA ROBINSON, | **ORDER** <br> 07-CV-04672 (NGG) (PK) |

        Plaintiffs,

  -against-

HARRY'S NURSES REGISTRY, INC., and HARRY DORVILIER,

        Defendants.

1

NICHOLAS G. GARAUFIS, United States District Judge.

In 2007, Plaintiff nurses brought suit against Defendants seeking to recover unpaid overtime pay and damages under the Fair Labor Standards Act. (Compl. (Dkt. 1).) Pending before the court is Plaintiffs' motion for attorney's fees and costs, which the court referred to Magistrate Judge Peggy Kuo for a report and recommendation ("R&R"). (Mot. (Dkt. 316); January 2, 2024 Order Referring Mot.) Judge Kuo issued the annexed R&R on September 13, 2024, recommending that the court grant Plaintiffs' motion for attorney's fees in the amount of $12,335.00 and costs in the amount of $89.10. (R&R (Dkt. 323) at 8.)

No party has objected to Judge Kuo's R&R, and the time to do so has passed. *See* Fed. R. of Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. *See Rubinstein & Assocs., PLLC v. Entrepreneur Media, Inc.*, 554 F. Supp. 3d 506, 510 (E.D.N.Y. 2021). Having found none, the court ADOPTS the R&R in full.

SO ORDERED.

Dated:   Brooklyn, New York
         September 30, 2024

                                                                  s/Nicholas G. Garaufis
                                                                  NICHOLAS G. GARAUFIS
                                                                  United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

CLAUDIA GAYLE, Individually, On Behalf of All
Others Similarly Situated and as a Class Representative,
ALINE ANTENOR, ANNE C. DEPASQUALE,
ANNABEL LLEWELLYN-HENRY, EVA MYERS-
GRANGER, LINDON MORRISON, NATALIE
RODRIGUEZ, JACQUELINE WARD, DUPONT
BAYAS, CAROL P. CLUNIE, RAMDEO
CHANKAR SINGH, CHRISTALINE PIERRE,
LEMONIA SMITH, BARBARA TULL, HENRICK
LEDAIN, MERIKA PARIS, EDITH MUKARDI,
MARTHA OGUN JANCE, MERLYN PATTERSON,
ALEXANDER GUMBS, SEROJNIE BHOG,
GENEVIEVE BARBOT, CAROLE MOORE,
RAQUEL FRANCIS, MARIE MICHELLE GERVIL,
NADETTE MILLER, PAULETTE MILLER,
BENDY PIERRE-JOSEPH, ROSE-MARIE
ZEPHIRIN, SULAIMAN ALI-EL, DEBBIE ANN
BROMFIELD, REBECCA PILE, MARIA GARCIA
SHANDS, ANGELA COLLINS, BRENDA LEWIS,
SOUCIANNE QUERETTE, SUSSAN AJIBOYE,
JANE BURKE HYLTON, WILLIE EVANS,
PAULINE GRAY, EVIARNA TOUSSAINT,
GERALDINE JOAZARD, NISEEKAH Y. EVANS,
GETTY ROCOURT, CATHERINE MODESTE,
MARGUERITE L. BHOLA, YOLANDA
ROBINSON, KARLIFA SMALL, JOAN-ANN R.
JOHNSON, LENA THOMPSON, MARY A. DAVIS,
NATHALIE FRANCOIS, ANTHONY HEADLAM,
DAVID EDWARD LEVY, MAUD SAMEDI,
BERNICE SANKAR, MARLENE HYMAN,
LUCILLE HAMILTON, PATRICIA ROBINSON,

     Plaintiffs,

  -against-

HARRY'S NURSES REGISTRY, INC., and HARRY
DORVILIER,

     Defendants.

------------------------------------------------------------- X

**REPORT AND
RECOMMENDATION**
1:07-cv-04672 (NGG)(PK)

1

**Peggy Kuo, United States Magistrate Judge:**

Plaintiffs filed a Motion for Attorney's Fees and Costs seeking an order pursuant to 29 U.S.C. § 216(b), awarding fees and costs incurred since July 25, 2023, including those incurred in defending against Defendants' latest attempt to overturn the judgment against Defendants in the Second Circuit Court of Appeals. ("Motion," Dkt. 316.) The Honorable Nicholas G. Garaufis referred the Motion to me for a Report and Recommendation. (January 2, 2024 Order.) For the reasons stated below, I respectfully recommend that the motion be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

This case began in 2007, when Plaintiffs, who are nurses, brought suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, for Defendants' failure to pay them proper overtime. Judgment was entered against Defendants on September 19, 2012 (Dkt. 180); an amended judgment was entered on October 22, 2013. (Dkt. 214.) Defendants' appeal to the Second Circuit was unsuccessful, *Gayle v. Harry's Nurses Registry, Inc.*, 594 F. App'x 714 (2d Cir. 2014), and the appeals court issued a mandate affirming the judgment on January 5, 2015.[1] ("2015 Mandate," Dkt. 217.) Plaintiffs' motion for attorneys' fees related to this appeal was granted by the Court on August 3, 2020. (*See* Dkts. 276, 279, 280, 281.)

On January 13, 2021, Defendants moved to recall the Second Circuit's 2015 Mandate. Plaintiffs' counsel was not served with the motion, but the Second Circuit denied the motion less than three weeks later, on February 1, 2021. (*See* Declaration of Jonathan A. Bernstein ("Bernstein Decl.") ¶ 4, Dkt. 317.)

On May 11, 2021, Defendants filed a motion to reopen this case (Dkt. 292), which this Court denied. (May 13, 2021 Order.) Defendants appealed the denial (*see* Dkts. 294, 296), and Plaintiffs

---

[1] The United States Supreme Court denied certiorari in 2015. (*See* Declaration of Jonathan A. Bernstein ("Bernstein Decl.") ¶ 2, Dkt. 317.)

opposed it. On March 16, 2022, the Second Circuit dismissed the appeal, finding that it was frivolous, and referred Defendants' attorney George A. Rusk to its Grievance Panel for presenting "clearly meritless arguments" to the court. (Dkt. 301.) Plaintiffs moved for and obtained an award of attorneys' fees and costs related to the appeal. *Gayle v. Harry's Nurses Registry, Inc.*, No. 07-CV-4672 (NGG)(PK), 2023 WL 2815612 (E.D.N.Y. Feb. 10, 2023), *R&R adopted*, 2023 WL 2446255 (E.D.N.Y. Mar. 10, 2023). Judgment on the attorneys' fees was entered on March 13, 2023. ("2023 Judgment," Dkt. 312.) Plaintiffs successfully enforced the 2023 Judgment on September 1, 2023. (*See* Satisfaction of Judgment, Dkt. 313.)

On October 19, 2023, Defendants moved again to recall the 2015 Mandate ("Renewed Motion to Recall"). (*See* Bernstein Decl. ¶ 9.) On October 26, 2023, Plaintiffs filed a memorandum in opposition to the motion. (*Id.*) One week later, on November 2, 2023, the Second Circuit denied the Renewed Motion to Recall. (Dkt. 317-2.)

Plaintiffs now seek attorneys' fees that have accrued since the last award of attorneys' fees granted by this Court in the 2023 Judgment. (Dkts. 316-18, 320-21.) Defendants oppose the Motion. (Dkt. 320.)

## DISCUSSION

### I. Whether Attorneys' Fees Are Merited

After invoking the "American Rule" yet again for the proposition that each party bears its own attorneys' fees, Defendants acknowledge that explicit statutory authority can authorize the award of attorneys' fees to the "prevailing party." ("Def. Mem. of Law," Dkt. 319 at 2.) The FLSA is indisputably one such statute, *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) ("Under the FLSA..., a prevailing plaintiff is entitled to reasonable attorneys' fees and costs.") (citing 29 U.S.C. § 216(b)), and Plaintiffs have already prevailed by obtaining a judgment on the merits. (*See*, Dkt. 214.)

3

Defendants argue, however, that "not all victories by a plaintiff render them a 'prevailing party.'" (*Id.*) They contend that "the latest order from the Second Circuit Court of Appeals did not constitute Plaintiffs newly 'prevail[ing]' on an FLSA claim for purposes of recovering attorney's fees" because "the Second Circuit merely denied Defendants' renewed attempt to recall a mandate…" (*Id.* at 3 (alteration in original).)

Plaintiffs do not need to "newly prevail" in order to recover attorneys' fees. Once they have "prevailed" by obtaining a judgment, Plaintiffs are entitled to enforce and defend that judgment against challenges by Defendants, whether through appeal or other post-judgment proceedings. If they successfully defend the judgment, they are entitled to recover attorneys' fees for the work necessary for that effort. *See, Young v. Cooper Cameron Corp.*, 586 F.3d 201, 208 (2d Cir. 2009) (holding that an FLSA plaintiff's "entitlement to fees and costs extends to [an] appeal"); *Diaz v. Paragon Motors of Woodside, Inc.*, No. 03-CV-6466 (CPS)(RML), 2008 WL 2004001, at *7 (E.D.N.Y. May 7, 2008) ("[I]t is well-settled that a plaintiff may recover fees in connection with enforcement of a judgment.")

Consistent with this authority, this Court has already awarded attorneys' fees to Plaintiffs for work done post-judgment. (*See* Memorandum & Order dated Apr. 14, 2015 at 5, Dkt. 225 (awarding Plaintiff attorneys' fees for work done "in connection with the Second Circuit appeal, enforcing the district court judgment, post-judgment briefing in the district court not covered by the court's previous award of attorneys' fees, communicating various matters to the approximately 50 individual Plaintiff opt-ins, making the instant fee application, and preparing Plaintiffs' response to Defendants' petition for a writ of certiorari."); *see also* August 3, 2020 Judgment, Dkt. 281; March 13, 2023 Judgment, Dkt. 312).

In support of their argument that it was "optional" and "unnecessary" for Plaintiffs to file a response to Defendants' Renewed Motion to Recall (Def. Mem. of Law at 3), Defendants appear to concede the frivolity of their motion to the Second Circuit:

4

> Defendants had previously filed a procedurally identical (albeit substantively different) motion to recall mandate in 2021, which the Second Circuit denied *sua sponte* days later without the need for any opposition papers from Plaintiffs.... Thus, although the renewed motion to recall mandate at issue was meritorious, it was still unlikely the Second Circuit would grant it even if Plaintiffs chose to ignore it like they did the original. This predisposition of the Second Circuit to deny the renewed motion to recall mandate is further evident from the fact that the Second Circuit denied said motion before the seven-day Fed. R. App. Proc. 27(a)(4) deadline for Defendants to submit a reply brief...."

(Def. Mem. of Law at 4.) However "unlikely" the Second Circuit was to grant Defendants' renewed motion, Plaintiffs are not required to stand idly by and risk recall of the Mandate affirming their favorable judgment.[2] Plaintiffs are entitled to recover attorneys' fees for responding to even frivolous motions. *See, e.g., De Curtis v. Upward Bound Int'l, Inc.*, No. 09-CV-5378 RJS, 2015 WL 5254767, at *4 (S.D.N.Y. Aug. 28, 2015) (noting that an attorneys' fees award for hours spent enforcing a judgment was justified despite many hours being spent opposing post-judgment "frivolous motions and appeals").

Accordingly, I find that Plaintiffs are entitled to attorney's fees and costs incurred in enforcing the 2023 Judgment and opposing Defendants' Renewed Motion to Recall.

## II. Reasonableness of Fees

Courts use the lodestar analysis to calculate "a presumptively reasonable fee" in FLSA cases. *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 21 (S.D.N.Y. 2015) (citation omitted). The "'lodestar' is calculated by multiplying the number of hours reasonably billed by . . . the appropriate hourly rate." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 n.4 (2d Cir. 2008). Ultimately, "[t]he district court retains discretion to determine . . . what constitutes a reasonable fee." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (alteration in original) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998)).

---

[2] Defendants' counsel appears undeterred by the Second Circuit's prior referral of him to its Grievance Committee for filing a frivolous motion with "clearly meritless arguments." (Dkt. 301.)

### A. Hourly Rate

Plaintiffs' counsel Jonathan Bernstein charges a rate of $350 per hour, which this Court has recently found to be reasonable. *Gayle*, 2020 WL 4381809, at *4; *Gayle*, 2023 WL 2446255, at *3. Bernstein's qualifications have not changed since those findings; therefore, I find that Bernstein's hourly rate remains reasonable.

Bernstein works at a two-attorney firm and performs his own paralegal work. (Bernstein Decl. ¶ 12 n.18.) He seeks a reduced hourly rate for work that he acknowledges should have been done by a paralegal. The Court previously found a rate of $80 per hour to be reasonable for paralegal work performed in this case. *See Gayle*, 2020 WL 4381809, at *2; *Gayle*, 2023 WL 2446255, at *3. I find that this rate is still reasonable.

### B. Reasonableness of Time

Plaintiffs seek reimbursement for the time that Bernstein did legal work on this case between July 25, 2023 and January 2, 2024, consisting of 2.2 hours spent enforcing the 2023 Judgment; 17.7 hours responding to the Renewed Motion to Recall; and 15.0 hours preparing the Motion. (*See* "Time Sheet," Ex. 3 to Bernstein Decl., Dkt. 317-3; "Second Time Sheet," Ex. 1 to Bernstein Reply Decl., Dkt. 320-1.)

"The court may award a fee for the time spent in preparing and defending an application for fees." *TADCO Constr. Corp. v. Dormitory Auth. of State of N.Y.*, No. 08-CV-0073 (KAM)(MDG), 2016 WL 11669712, at *6 (E.D.N.Y. Dec. 21, 2016) (citation omitted); *see also Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1184 (2d Cir. 1996) (reversing "the district court's order denying the plaintiff an award of attorneys' fees for the time incurred in litigating the fee claim").

Based on the descriptions provided, I conclude that the time Bernstein spent on enforcing the 2023 Judgment, responding to the Renewed Motion to Recall, and preparing the Motion is reasonable

6

and that none of the time for which Plaintiffs are seeking an award at the attorney rate was spent on tasks that should have been handled by a paralegal. Accordingly, I respectfully recommend that Plaintiffs be awarded attorneys' fees for 34.9 hours of legal work at the rate of $350 per hour, a total of $12,215.00.

Plaintiffs also request an award at the paralegal rate for time that Bernstein spent doing administrative work, *i.e.*, serving an information subpoena and restraining notice, filing an abstract of judgment with this Court and with the Queens County Clerk, and preparing exhibits. (Time Sheet at 1, 5.) These are appropriate tasks for a paralegal to perform and a reasonable amount of time was spent on them. Accordingly, I respectfully recommend that Plaintiffs be awarded fees at the paralegal rate of $80 per hour for 1.5 hours of work, a total of $120.00.

I disagree with Defendants' claims that Plaintiffs' opposition to the Renewed Motion to Recall was "a regurgitation of prior analysis" and "of poor quality" (Def. Mem. of Law at 3-4) and find no basis to reduce the presumptively reasonable attorneys' fees.

### C. Costs

Plaintiffs seek $89.10 in reimbursement for collecting this Court's judgment, obtaining this Court's certification of the abstract of judgment, filing the abstract of judgment with the clerk of Queens County, paying a fee to the city marshal who executed the judgment, and PACER fees. (Bernstein Decl. ¶ 19; Dkt. 317-4.) Defendants do not contest these costs, and I find them reasonable. *See, e.g., G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 443 (S.D.N.Y. 2012); *Ethelberth v. Choice Sec. Co.*, No. 12-CV-4856 (PKC)(VMS), 2016 WL 11469536, at *14 (E.D.N.Y. Aug. 5, 2016), *R&R adopted*, Aug. 23, 2016.

## CONCLUSION

Based on the foregoing, I respectfully recommend that the Court grant Plaintiffs' Motion and approve Plaintiffs' request for an award of attorney's fees in the amount of $12,335.00 and costs in the amount of $89.10.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

SO RECOMMENDED:

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         September 13, 2024

8